# PRACTICE REPORTS.

## SUPREME COURT.

### Amariah A. Taft agt. Caroline M. Wright, David B. Babcock and Margaret Hill.

*Parties — evidence — new trial — statute of limitations.*

A grantee who has parted with his title to the property in question, and who claims no interest in it, is neither a necessary nor a proper party defendant in an action by a judgment creditor to vacate the title and recover the property.

Only parties in interest are now recognized. A referee having found in favor of plaintiff against two of the defendants, and dismissed the complaint as to the third defendant Hill, as not a party in interest, the general term affirms said dismissal, and reverses the judgment as to said two other defendants.

A referee having found facts against undisputed evidence, and neglected to find facts in accordance with such evidence given by plaintiff's own witness, in favor of defendants, as to a legacy of $1,500, and interest, which should have been credited to defendants Wright and Babcock, the judgment was reversed and a new trial ordered as to those defendants, for that reason, and also that the action was barred by the statute of limitations.

The Code, § 91, sub. 6, requiring a " discovery by the aggrieved party of the facts constituting the fraud," within six years previous to action, does not require personal knowledge of the fact.

If he has made a discovery of the essential facts by an attorney employed for that purpose, more than six years before action, the notice or knowledge thus obtained by the attorney is sufficient to charge his client. And the statute is well pleaded, especially where as here, there are indications that the transactions were in fact well known to the client.

Taft agt. Wright.

*Second District, General Term, Argued December,* 1873.

*Before Justices* BARNARD, GILBERT *and* TAPPEN.

PLAINTIFF'S points as to joinder of defendants Hill and Babcock, cited *Story Eq. Pl.* (§ 232); *Code,* § 118; *Brady* agt. *McCoskey,* (1 *Comstock* 222 *and cases*): *Bennett* agt. *McGuire* (48 *Barb.,* 625, 636); *Lawrence* agt. *Bank of Rep.* (35 *N. Y.,* 320–324); *Shaver* agt. *Brainerd* (29 *Barb.,* 25); *Jeffries* agt. *Cochrane* (47 *Barb.,* 557); *Murray* agt. *Ballou* (1 *John. Ch.,* 576, 579 *and cases.*)

*R. H. Crittenden,* for Mrs. Hill, cited *Hubbell* agt. *Meigs* (50 *N. Y.,* 489, *and cases*)*.; Spicer* agt. *Hunter* (14 *Abb. Pr.,* 4); *Code* (§ 111, 118).

The old equity distinction of necessary and proper parties is abolished by the Code, which allows only parties in interest. The cases *contra* were commenced before the Code.

*Lewis Hurst,* for defendant Babcock.

This defendant paid the $10,000 mortgage in question to the defendant Caroline M. Wright, after the commencement of this action, but after the order of this court, dissolving the preliminary injunction, which had previously restrained him from paying it, had been officially served on him.

That order was judicial notice to him that plaintiff had no equity. He was therefore under no further moral or legal obligation to leave his property incumbered and his bond unpaid for the plaintiff's benefit. The judgment, therefore, requiring him to pay the amount over again to the plaintiff, must be reversed.

*Wm. W. Badger,* for defendant Caroline M. Wright.

I. The action is barred *(Code,* § 91, *sub.* 6); John H. Pierson "made a discovery of the facts" of the conveyance in

question by the examination of John B. Wright, October 16, 1862.

If he did this by attorney it is not necessary that he have personal notice or knowledge of it, though it is a moral certainty that he had such in this case (*Borst* agt. *Corey*, 15 *N. Y.*, 505; *Mayne* agt. *Griswold*, 3 *Sandf.*, 482; *Foot* agt. *Farrington*, 41 *N. Y.*, 164; *Baker* agt. *Bliss*, 39 *N. Y.*, 70; *Griffiths* agt. *Griffiths*, 1 *Hoff. Ch.*, 156).

II. The referee has found and allowed to Mrs. Wright all that she claimed, except the two items as to the legacy, and has refused to find those items, and concludes that the legacy money, though received by Wright, was appropriated to other uses, *of which there is not a particle of proof in the case* (*Beck* v. *Sheldon*, 48 *N. Y.*, 369).

The remarkable result has therefore been reached in a suit in equity, that a lady's legacy, received from her grandfather, is adjudged to her husband's creditors.

III. The referee apparently entirely overlooked the evidence of Mrs. Hill as to the legacy money, a witness called by plaintiff, and only alluded in his criticism to that of Mrs. Wright.

It is respectfully submitted that all the evidence on that subject, taken together, and the absence of any conflicting evidence or fact is sufficient to require the finding as requested by defendant's counsel.

It is also immaterial whether the legacy money went, in fact, into the real estate or not, as the debt for it and Mrs. Wright's equity is the same, whether it did or not.

As John B. Wright plainly had the money in his possession up to 1860, the burden of proof is on the plaintiff to show its payment to Mrs. Wright in some other manner than that alleged by her.

In *Fordham* agt. *Smith* (44 *How. Pr. R.*, 472), the court of appeals say: " A referee cannot disregard undisputed evidence, nor judicially infer something different therefrom to be true, of which there is no evidence" (*Sheldon* agt. *Shel-*

*don*, 51 *N. Y.*, 355, *and three cases cited there ; Lomer* agt. *Meeker*, 25 *N. Y.*, 363 ; *Dolsen* agt. *Arnold*, 10 *How. Pr. R.*, 528 ; *Siebert* agt. *Erie*, 49 *Barb.*, 583).

IV. The ADEQUACY of the consideration is not open to question in a case where any is paid in good faith (*Jackson* agt. *Peck*, 4 *Wend.*, 300; *Babcock* agt. *Eckler*, 24 *N. Y.*, 626; *Phillips* agt. *Wooster*, 36 *N. Y.*, 412 ; 3 *Abb., N. S.*, 475).

But, in fact, the property was then worth no more than the mortgages on it.

Two very competent witnesses, Samuel Hutchinson and Thomas T. Buckley, value it then at only $18,000, and Hondlow's statement of a larger sum is refuted by his other statement.

It is public history that the inflation of values began in November, 1862, by the passage of the legal-tender act.

The Coe deeds, therefor, conveyed no value whatever, but a naked title only.

*De minimis non curat lex.*

V. It is, therefore, entirely immaterial whether or not John B. Wright was indebted or insolvent in December, 1861, as he merely executed a trust by conveying to Mrs. Wright her own property in satisfaction of her claims to the fee as purchased for her with her money.

The law of voluntary conveyances has, therefore, no application to the present case. There was no gift of the Pierrepont street property, nor any portion of it, at any time.

Fraudulent intent in such a case, where any consideration exists, must be proved as fact by evidence, and cannot be presumed as matter of law, and must be proved against the grantee as well as the grantor (*Dygert* agt. *Remerschinder*, 32 *N. Y.*, 629 ; *affirming same case*, 39 *Barb.*, 417 ; 2 *R. S.*, 137, § 4; 24 *N. Y.*, 628, 629 ; *Auburn Bank* agt. *Fitch*, 48 *Barb.*, 344 ; *Holmes* agt. *Clark*, 48 *Barb.*, 237 ; *Waterbury* agt. *Sturtevant*, 18 *Wend.*, 353 ; *Carpenter* agt. *Muren*, 42 *Barb.*, 300 ; *Ruhl* agt. *Phillips*, 48 *N. Y.*, 125 ; 14 *Johns.*,

493 ; 18 *Johns.*, 515 ; 2 *Johns. Ch.*, 35 ; *Bilsborow* agt. *Titus*, 15 *How. Pr. R*, 95 ; *Schaffner* agt. *Reuter*, 37 *Barb.*, 44).

VI. One creditor cannot sue another creditor for assets given in payment of debt. If John B. Wright had any interest in the property in question, it passed by his general assignment, made May 2, 1862, and can only be reached by his assignee, or in some action or proceeding to which said assignee is made a party (*Shaver* agt. *Brainard*, 29 *Barb.*, 25 ; *Vanderpoel* agt. *Valkenburgh*, 6 *N. Y.*, 199 ; *Laws of* 1858, *ch.* 314, *p.* 506).

VII. No action can be maintained against a defendant in two capacities, as personally and as administratrix (*McMahon* agt. *Allen*, 1 *Hilton*, 103 ; *affirming same* ; 12 *How.*, 39 ; *Landau* agt. *Levy*, 1 *Abb.*, 376 ; *Latting* agt. *Latting*, 4 *Sandf. Ch.*, 31).

VIII. John B. Wright's statements at the time, against his interest, and admitting his agency, are part of the *res gestœ*, and competent on the question of fraudulent intent (*Crary* agt. *Sprague*, 12 *Wend.*, 41 ; *Kelly* agt. *Campbell*, 1 *Keyes*, 29 ; *Happy* agt. *Mosher*, 47 *Barb.*, 501 ; 6 *Cow.*, 99 ; 1 *Paige*, 15 ; 34 *Barb.*, 275 ; *Tuttle* agt. *The People*, 36 *N. Y.*, 431 ; *Gibney* agt. *Marhcay*, 34 *N. Y.*, 301 ; 44 *Barb.*, 542, 547 ; 1 *Greenl. Ev.*, § 199, 171 ; *Spaulding* agt. *Hallenbeck*, 39 *Barb.*, 79 ; *Fox* agt. *Parker*, 44 *Barb.*, 541 ; *Meserole* agt. *Archer*, 3 *Bosw.*, 376 ; *Jackson* agt. *Van Dusen*, 5 *Johns.*, 144 ; *Jackson* agt. *McVey*, 15 *Johns.*, 234 ; *Pitts* agt. *Wilder*, 1 *N. Y.*, 525 ; 5 *Paige*, 104 ; 10 *Paige*, 170 ; *Adams* agt. *Davidson*, 10 *N. Y.*, 309 ; *Woodhouse* agt. *Jones*, 5 *N. Y. Leg. Obs.*, 20 ; 2 *Abbot's Digest*, 697, 1170).

TAPPEN, *J.*—The plaintiff by assignment in the year 1864, became the holder of a judgment recovered by one Pearson against John B. Wright on the 7th March, 1862, for $5,200.

The complaint is in the nature of a creditor's bill and seeks to have adjudged as fraudulent and void, a conveyance by Wright to his wife, the defendant Caroline, through one Coe

on December 26th, 1861, of the house and lot 40 Pierrepont street, Brooklyn. Also to have certain other property or securities which came to the defendant Caroline on a sale of that property decreed to be the property of the judgment debtor.

The Pierrepont street property so conveyed by the debtor, was subject to two mortgages to one Spies, on which a balance of $8,000 was unpaid and to a mortgage made in November, 1859, for the sum of $12,000 by Wright to the defendant Mrs. Hill, his mother-in-law, and by her at or about the same time, assigned without consideration, to her daughter, the defendant Caroline Wright.

Mrs. Wright sold the Pierrepont street property in April, 1863, and invested $13,000 arising from the sale, in the purchase of the premises 60 Montague street, and took conveyance thereof to herself; and in September, 1864, she sold the Montague street property for $8,000 in cash and $10,000 in bond and mortgage, which she held at the commencement of this action and which plaintiff seeks to make subject to the payment of his judgment against Wright. Wright in May, 1862, made a general assignment for the benefit of creditors, and had been for some time previous thereto in an insolvent condition. He died in the year 1864.

Mrs. Wright insists that her husband was her debtor and that there was full value by reason of such indebtedness, for all property which came to her by the conveyance and mortgage in question.

It is insisted also by her, that the statute of limitations bars this action; and further that by reason of a general assignment for the benefit of creditors, made by Wright in May, 1862, the right to bring an action of this nature is by the act of 1858, chapter 314, page 506, vested in the assignee and that a judgment creditor cannot maintain it.

With respect to the Pierrepont street property, Mrs. Wright claims that the conveyance to her was in execution of a trust; that it had been purchased in the year 1858, from

one Spies for $18,000, of which $6,000 was paid down and two mortgages given to Spies, one for $9,500 and one for $2,500 for the balance of purchase money.

These mortgages were reduced by a payment of $2,500 August 25th, 1859, and $3,500 May 2d, 1860. The defendant Mrs. Hill, took an assignment of the $2,500 mortgage to secure $2,000 which she advanced in making these payments.

And the principal question here is, who was the real party in interest in buying the Pierrepont street property, and whether the moneys used in making the purchase and in paying off the Spies mortgage, were the moneys of Wright or equitably of his wife.

If it can be substantiated that Mrs. Wright's equitable claims against her husband, were in amount equal to the sum she realized from the Pierrepont street property, $13,000, it follows that there was a valuable consideration for the conveyance to her, and such conveyance is valid and effectual if made by reason of such indebtedness.

The referee has found that the indebtedness of Wright to his wife, was about $10,490.59, which she was entitled to retain to her own use out of the $13,000 net proceeds of the Pierrepont street property, leaving a balance in her hands of $2,509.41, which he adjudged to have been received and held by her as an equitable trustee, bound to account therefor to any pursuing creditor of her husband.

Both the plaintiff and defendant excepted to the findings and each brings an appeal; the plaintiff claiming that the credits to be allowed Mrs. Wright, should not exceed $4,000 or thereabouts.

Mrs. Wright, among other claims against her husband, presented one for $1,500, being the amount of a legacy from her grandfather, which she avers came to her husband's hands in January, 1857; that certain profits arising thereon, came to $500, which was used by her husband by her request in making a payment on the Spies mortgages on August 25th, 1859.

These items were not allowed by the referee, but were rejected by him on the ground that the proof that Wright received this legacy was uncertain, and if he did receive it, that it was used by him for his wife in other ways.

Mrs. Hill, under examination at the trial of this case, as a witness called by plaintiff, testified, that Wright received the $1,500 legacy and invested it in Ocean Bank stock about January, 1857, that it was afterward sold and the proceeds used to pay the $3,500 Spies mortgage before referred to.

From a perusal of the evidence it seems to be sufficiently established, that the defendant, Caroline, should have credit for this legacy and for what it produced in income; and with these sums allowed as owing to her from her husband, it will appear that the $13,000 realized by her from Pierrepont street property on its sale by her in April, 1863, did not entirely suffice to repay her the money and interest which her husband had received for her use.

From this conclusion it follows that there was no balance in her hands, as found by the referee, for which she could be called on to account to other creditors of her husband.

With respect to the statute of limitations, the Code, section 91, subdivision 6, provides a limitation of six years for the bringing of an action for relief on the ground of fraud. The cause of action not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

The plaintiff prosecutes as the assignee of John H. Pierson, the judgment creditor, who took proceedings by a bill in equity against the judgment debtor for a discovery and to enforce payment of the judgment. These proceedings were pending from May, 1862, to October, 1862. The judgment debtor was examined therein on the 16th of October, 1862, and stated that he had conveyed the dwelling-house on Pierrepont street to Frederick A. Coe.

Mr. Sidney Webster testified that he was Pierson's attorney in that proceeding, and that the fact or impression remaining

in his memory is that Coe was in collusion with Wright to prevent Wright's creditors getting access to his property.

Of course when the plaintiff took the judgment from Pierson he took it charged with the notice to or knowledge of Pierson, touching the conveyance, which is claimed to be fraudulent.

The attorney of Pierson had this notice or knowledge as early as October, 1862, and his notice or knowledge obtained in a proceeding instituted for the benefit of Pierson, is sufficient to charge him therewith.

With respect to information to Pierson, the same witness says, "judging from the usual course of my business I must have informed him of what happened, but am unable to say when or how." There are other indications that the transactions of Wright, with respect to the property, were known to Pierson as a prosecuting creditor during the year 1862. As this action was commenced in May, 1871, more than six years thereafter, the statute was well pleaded, and is a bar to the maintenance of the action (*Gates* agt. *Anderson*, 37 *N. Y.*, 657 ; *Foot* agt. *Farrington*, 41 *id.*, 164).

The remaining point that in case of assignment for benefit of creditors, the assignee being vested with the title, is the only person qualified to bring the action, is not well taken.

Pierson was a judgment creditor of Wright's before the assignment, and the assignee took subject thereto (*Stanwix Bank* agt. *Leggett*, 51 *N. Y.*, 552 ; *Chautauque Bank* agt. *Risley*, 19 *id.*, 375).

Exceptions were taken to the rulings of the referee in admitting or receiving evidence, but they have not been considered in view of the conclusion reached on the main question.

Upon the whole case and the testimony, it seems quite evident that at the time Mrs. Wright took the Pierrepont street property, it was claimed by her that her husband had invested in it the proceeds of her separate estate, and that he was, in fact, her debtor to a considerable sum, and that at the time of the conveyance to her, the value of the property did not

exceed the mortgage liens upon it and the amount of her equitable claims.

It was purchased of Spies, in 1858, for $18,000, and its market value was but little greater in December, 1861, when conveyed to the defendant.

When sold by Mrs. Wright, in the spring of 1863, it brought $21,000, the appreciation of $3,000 over the value of 1858, being simply the result of the impetus or inflation given to the values of all kinds of property by reason of the issue of paper money.

The judgment should be reversed and a new trial ordered at special term, costs to abide event, but as to the defendant, Margaret Hill, the judgment dismissing the complaint should be affirmed, with costs.