CLARA I. SIELCKEN-SCHWARZ, Respondent, *v.* AMERICAN FACTORS, LIMITED, Appellant.

(Argued April 16, 1934; decided July 3, 1934.)

*Charles E. Hughes, Jr., Allen S. Hubbard, William W. Owens, Alfred Sutro* and *W. H. Lawrence* for appellant.

*I. Gainsburg* for respondent.

LEHMAN, J. Paul Isenberg, the plaintiff's father, was an officer and large stockholder of H. Hackfeld & Co., Ltd., a corporation organized under the laws of Hawaii and which conducted there the business of sugar-factor agent, general merchandising and related enterprises. He was also an executive officer and owned a substantial stock interest in a number of corporations owning or maintaining sugar plantations, which were represented by H. Hackfeld & Co. as factor. Paul Isenberg died in 1903. Under his will his wife received one-third of the shares owned by him in these corporations, and his eight children, including the plaintiff, received the remainder in equal shares. At the time of the declaration of war against Germany in 1917, the plaintiff and her mother still owned the stock so received in these corporations. At that time, though American citizens, they were in Germany. Their stock was in the possession and control of agents appointed by them. At the close of the war the defendant corporation had acquired their interest

in the corporation for a consideration which it is alleged was far below the market value. Claiming that in that way the corporation consummated a " fraudulent scheme for the ultimate purpose of divesting completely plaintiff and her mother of their valuable rights and interests as shareholders in said corporations as going concerns," the plaintiff in this action seeks damages for the alleged fraud and deceit of the defendant while acting as agent or in a fiduciary capacity for the plaintiff and her mother. The first cause of action in the complaint is based upon the plaintiff's original interest in corporate stock received by her under the will of her father; the second cause of action is based upon an assignment from her mother.

The defendant moved under rule 107 of the Rules of Civil Practice for a dismissal of the complaint. The motion was denied, and the Appellate Division has concurred in the ruling of the court at Special Term, but has certified two questions for review upon this appeal: " 1. Under subdivision 5 of rule 107 of the Rules of Civil Practice should defendant's motion to dismiss the complaint have been granted? 2. Under subdivision 6 of rule 107 of the Rules of Civil Practice should defendant's motion to dismiss the complaint have been granted? "

The plaintiff and her mother, in other jurisdictions, have sought redress for the loss which it is claimed was caused by transfer of their interest in corporate stock to the defendant corporation, and final judgments have been rendered there in favor of the defendant corporation. (See *Isenberg* v. *Sherman*, 212 Cal. 454; *Sielcken-Schwarz* v. *American Factors, Ltd.*, and *Isenberg* v. *American Factors, Ltd.*, 60 Fed. Rep. [2d] 43; certiorari denied, 287 U. S. 654.) Rule 107, subdivision 5, provides for a dismissal of the complaint where it appears " that there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties." An analysis of the judgment rolls in the prior actions in the California

and Federal courts discloses many differences in the causes of action there pleaded and the cause of action which the plaintiff is asserting now.

We have said that " a judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first. [Citing cases.] It is not conclusive, however, to the same extent when the two causes of action are different, not in form only, but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, at pp. 306, 307.) The causes of action upon which there are existing judgments in favor of the defendant are based upon alleged wrongs consummated by the transfer to the defendant of stock belonging to plaintiff and her mother. The causes of action alleged in the complaint in the pending action are based upon alleged wrongs consummated by the same transfer. The redress, however, which the plaintiff is now seeking is different in essential respects from the redress which has been heretofore denied to her. So, too, the wrongful acts alleged as the basis for redress are not identical. The plaintiff does not now attack the title of the defendant corporation to the stock transferred to it, nor does she ask an accounting from the defendant. She seeks only damages for alleged fraudulent acts by which the defendant has obtained the stock. Judgment in plaintiff's favor in this action would not affect the defendant's title to the stock, and the prior judgments establish no right to immunity in the defendant for fraud or other wrong committed by it in obtaining such title. Indeed, in the pending action the plaintiff seeks redress for the transfer of some shares of stock not included within the allegations of the complaint in the California action.

The causes of action are, thus, " different not in form only, but in the rights and interests affected," and they have not " such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first."

True, the plaintiff asserted, as a basis for the redress asked in the California actions, alleged fraudulent and wrongful acts which are in many respects similar to, if not identical with, most of the alleged fraudulent and wrongful acts asserted now as a basis for other form of redress. Upon the issues actually litigated and determined in the California action, the judgment there rendered may be conclusive, and if received in evidence upon a trial of the pending action, might leave few, if any, issues of substance which could be litigated anew. Even if that be so, a complaint may not be dismissed upon motion under subdivision 5 of rule 107 unless the *cause of action* alleged in the complaint has been determined by a prior *judgment* in another action. Where the prior judgment merely creates an estoppel limited to points actually decided in that action, but leaves open other issues which might be raised in the second action, there can be no dismissal under that subdivision. That is true even where the remaining issues are probably unsubstantial.

The law of this State, nevertheless, does not permit the bringing of successive actions, even though different in form and substance, for an indefinite time after an alleged wrong has been committed. In time the Statute of Limitations imposes an automatic bar to the bringing of actions, and subdivision 6 of rule 107 provides for the dismissal of a complaint upon motion where it appears " that the cause of action did not accrue within the time limited by law for the commencement of an action thereon." Here the alleged fraudulent acts of the defendant occurred in 1917 and 1918, but the plaintiff's cause of action is " not deemed to have accrued until

the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud." (Civ. Prac. Act, § 48, subd. 5.) The question which must now be determined is whether the defendant has shown conclusively that the statutory limitation has run since the date when the plaintiff and her mother knew the facts constituting the alleged fraud of the defendant.

Though the judgments in the prior actions have not determined the causes of action now asserted by the plaintiff, yet the plaintiff cannot now disclaim knowledge of the facts alleged in the complaint in the earlier actions or embodied in the decision of the courts in those actions. Thus it appears conclusively that not later than 1924 the plaintiff claimed that the defendant corporation, together with other persons, had by fraud and other wrongful means obtained a transfer of her shares of stock for an inadequate amount. True, the complaint alleges that the plaintiff and assignor for the first time and within six years last past, acquired actual knowledge of certain alleged facts of which she now complains. A detailed statement of the facts alleged to have been newly discovered and an analysis of their relation both to the causes of action pleaded in the earlier litigation, would extend this opinion to undue length. It is plain that at best the allegations of newly-discovered " facts " show only that within six years the plaintiff and her mother obtained additional knowledge concerning the steps taken to consummate a conspiracy to transfer their property to the defendant corporation, and additional evidence of alleged fraud and wrong. The basic facts that there had been such a conspiracy consummated by fraud and other wrong were embraced within the allegations of the earlier complaints and, if true, were known to the plaintiffs in the earlier actions.

A new cause of action for fraud does not accrue each time a plaintiff discovers new elements of fraud in a transaction or new evidence to prove such fraud. Where

there is knowledge of facts sufficient " to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises " and may thus start the running of the statute. (*Higgins* v. *Crouse*, 147 N. Y. 411, 416; *Klotz* v. *Angle*, 220 N. Y. 347; *Taft* v. *Wright*, 47 How. Pr. 1; affd., 59 N. Y. 646.) The plaintiff and her mother, it is clear, knew prior to 1924 the basic facts upon which the claim of a conspiracy to defraud was based. Failure to discover all the details did not prevent the statute from running.

The orders should be reversed, with costs in all courts, and the motion granted with ten dollars costs. The second question certified should be answered in the affirmative, and the first question certified not answered.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Orders reversed, etc.