HARRY S. SHERESKY, Plaintiff, *v.* BALBROOK REALTY CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, February 28, 1947.

*George S. Mittendorf* and *M. R. Friedman* for City Bank Farmers Trust Company, defendants.

*Philip Feldman* for plaintiff.

SHIENTAG, J. This is a motion made on behalf of the defendant trust company to dismiss the complaint on the ground that a prior adjudication constitutes a bar.

According to the complaint, the moving defendant as mortgagee of certain property, to induce plaintiff to enter into a lease, represented falsely that the mortgage was not in default when in fact it was; that prior to the execution of the lease defendant contemplated foreclosing the mortgage because of the existing default; that all defendants knew of the intended foreclosure, and also knew plaintiff wanted a lease to run for its full term so as to operate a restaurant on the premises; that there was a foreclosure and plaintiff was joined as a party and

foreclosed of his interest, although the mortgagee could have refrained from joining him, and plaintiff was thereby damaged.

In the foreclosure action the moving defendant served the summons and complaint upon the plaintiff in this action and the latter appeared by counsel and demanded copies of all papers.

The theory on which the motion is made is that the judgment in the foreclosure action is a bar, not only to what was adjudicated there, but to all that could have been adjudicated. This rule applies, however, only " when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first [citing cases]. It is not conclusive, however, to the same extent when the two causes of action are different, not in form only * * *, but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined * * *." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306–307.) The required measure of identity is not present in this case. In the foreclosure action the moving defendant was selling the pledged security for its loan free of any subsequent liens. In this action plaintiff seeks damages resulting from the fraudulent inducement to enter into the lease. The situation is akin to that in *Sielcken-Schwarz* v. *American Factors, Ltd.* (265 N. Y. 239), where it was stated (p. 243): "* * * plaintiff does not now attack the title of the defendant corporation * * *. She seeks only damages for alleged fraudulent acts * * *." So in the case at bar. The plaintiff in no way questions the title the moving defendant established through the foreclosure action; he seeks only damages for fraudulent acts as a result of which he was induced to enter into the lease agreement since abrogated by the foreclosure.

Further assuming the truth of the allegations, no cause of action was available against the mortgagee until it entered a foreclosure judgment. The naming of plaintiff a party defendant was in the nature of an anticipatory breach of whatever duty arose on the making of the alleged false representation coupled with the intention to foreclose. Plaintiff was not obliged to plead this cause of action in fraud until he was finally damaged.

The motion is accordingly denied.