Per Curiam.

It is not clear from the complaint whether a single cause of action for fraud is intended to be stated or whether there is a claim for fraud in inducing plaintiff to dis *542 uÍPbfí#^MMct^,Í9i;|9)Ni.»rrA8t iftilLip tljje .ítiraimcíofíir-aqdfMpifioitoectio'B; with plainMfíteiiíismissali^trQiSif Sis ^^ositioiuÁii- iAdhispaihinenf l0f6>Üá$a6,kerfediñv l'QSá**» ¥ieíwed<fi?oiii either standpoint, the complaint should be -’drs'niiSSe'd1 'bib Abe ,rimotÍ(hs,imadfe;tarid8r!f,Snhddvipi6h.''6;tóWi bhIbm107« ofotheoBnte's of o GivilxPrMtTcey> oil the t§f<jündi thatidhe Abuse 1 of afcfiop!idid«Sabt Eaccruedwithihi theríEmeidimifed^ b^í l-gw iib*' Abes cbnminefena'ent •'bibithA^ubtioni f;/;iTKs)dsjmpon-¿the jasétraapfibn„itHatqaT*uan!áé ilof 'Aétioná'Í2iCfiaud>iíwithini.the'isco.]i)fé‘ ofAúldiMsMn $5 t.af becthMjiífáS -¿©fjxtketiOMkEia^ceVIÁefRohha&duniiiiolopSl'aintiffis'jídismissál drBm < ÜEbfei ’ service! ámstahecb Adfker a.bsimdleiSnb fdBubb rofethat, «however, $sltii'eícpléMhnls¿--bfyiA¡jtireisen¡ta'fiop,íaEdÍ!-íEéilia®ee ofua •féominohdavHac£iBn»Bf deceit iseensdSc beíididdiig/itkbtíw’eí'doíaiiot tipaSsdupouofkessifliciánby mf¿dhe-ccanplaBihiíigi-¿v/ ,8íoi-fmx otí sd Any ;cahseT‘fOi&,'acñoy9b‘ásedobiái':ánd'ia;Mn'gi plbiÜtijfRto/i dásooiititínpe'íMsíb'bti6”áf'<for(Balse<ibrrest lar 19-37. isr-eb'rtairdyi:*:arreEíjby yíiii» siSj-ye&ñliStqtuite icffc»LimitatibBfefsíasíd)he foompI&ihtucg-vAb'ls i9briEi&‘"fadérrtkat»iitkeballegéd:!fálsity>!-d.inS‘±he-ipduoenient¿m&mely AhexáíikeptNpbohd§eEtoiía&expáInti#AeindtaitedY.toEkiApbm<tBn, ibbyeamehb]Spbbmitt'dnHivMibEcpropxi’se.,iwasr''jbroken sSEbftly’Saftek-iWkrdíM Pjlaintiffij cbraMa bob v-clai-m»,uiandiuwe.i def'not/mí^stapd ahfmjtorAlaim,-thateHé did noMeariwof thbvf aetiJ constituting! ibis yáspe'ctirofi tikeualleged»tfrdudinútil1945.»sodWí sty»!] áfidj íiitmoj iíiO'Thattlebvesl iwiJconsidekatiom <iplaiiítüE’si ¡claiiiq t^aálflaesedid “Abtídiscoverbtkéífábtfe boubtituting»ífhbi<f bagvd.un>íeonnéehjma tofeh vhisodi&missbl ¿fi'ómiíthey-sAi-viné¿:iyoI;9,34",‘1 until f;li'94:5í,s:, Pblissmlade l>8lkaehy dooíiihentaryJ e videlicet ikov?íeveh,EtMt ibjí rJuhe SSp393il, • ¿'Wken,:!iillinti®únstiitixte3í.!a'í proceeding touheí xestsredMo fbisi i|>qsíuSónydi'Síbssbrte'dsiííh-ei cMmii'ahd.iipuícpptfed AoyhMveotke .iMoSífl^AdgefihiklissdisMs'áalsliromdheí'SBrvicé'jwassTiiptBriíadeiánrígood ; íMlhS^buSyWasxAagedn soMyi - npohik^paAdeierminédíiipúrpo^eiito aSaíSsEbitófio-ni) thelseiMcej /ofi¡ <fdlse’i charge "So .liWMl'eedórheiípf / the-dbj:-ails' of Alie fraud.' ab -now - assorted, were inót) according -ütíeí|ílaiaiti©fi[ piéfeernt ‘dbioádc^sc®ve®¿daamtilM.945-;lfjwhalb!i ibis ' court said in Ectore Realty Co. v. Manufacturing Trust Co. (250 App. Div. 314, 318)ri@i ap^kéhblBí-ísáfeiwhéíi í&étED'árartorasn from which the inference of fraudi-Etiw,^ thebe'AS a discovery of the facts eonstítutiii§(íí^^l^Jjpjy^1^ the statute ”. The. opinion in that case also quoted apposite lan- '< Sielcken-Schwarz v.American Factors, Ltd. (265 N. Y. 239, 245) that “ A new caushí%if-it!bfáti§ri}fb.r Bf!íaüdjdpe8rinq||Mqri^l:eaphii.tirnp^g,,pl-^iidií$;[disppypy^)np$qelevemMajpjf Jí'apd" .Bfax.ti'atidaictiopipp ^p,wftmd§np9 tq?p¿tpyegsqgh ftAídislb y.inafílMíí si 'hrss-ñ r.'ioj mil*#?.') b sí oc<ecB xíoB-AIw
*543 A:PlMtiti.ff whs pTáééd’ ujpbii'bnc'ti itiqtiiry by" Whát hé ltidffiit,tedly! and assertedly knew in 1934, to be then charged with the aBidT-' tional knowledge which lié claMh* he "Tid1 ñotlétitil tintil l945. €>ti,''ip;'pút ii'(tirióther''wá¡yj having knowledge; s as/he asserted, of - the fraud claimed atilíhak-titile; BQ,‘wasl-moh"éntitled'.:to,íwaií Loira period beyond■ the- péiÍod:»Gf'limitations* to improve ¿the; claimbS to institute suit.' -• «mnÍKiu! ‘>í¡! vi -víé v:
• !T’heBorfler:'appeale'd<from shbuld'bet-réversed,'With»;$20i’:cpsts! atid ‘dibbtir semént's» and> thé i complaint ti'ismlssédy -with' costs ,¡»l-'1