## DICTOGRAPH PRODUCTS CO., Inc., v. SONOTONE CORP.

United States District Court
S. D. New York.

Jan. 29, 1951.

Feldman & Tonkonogy, New York City, by Theodore F. Tonkonogy, George Feldman, New York City, of counsel, for plaintiff.

Franchot, Corwin & Dessner, New York City, by I. I. Schachtel, S. M. Pineles, New York City, of counsel, for defendant.

WEINFELD, District Judge.

This is an action to annul and set aside orders and decrees entered in the Patent Office upon decisions respectively of the Examiner of Interferences and upon appeal therefrom by the Board of Appeals of the United States Patent Office and the United States Court of Customs and Patent Appeals rendered approximately fourteen and twelve years ago.

The plaintiff also seeks to have two agreements between plaintiff and defendant, entered into May 7, 1937, relating to the patent claims involved, declared null and void and directing defendant to refund to plaintiff approximately $76,000 paid to defendant by virtue of such agreements, $400,000 damages and $1,500,000 exemplary or punitive damages, together with costs

and expenses and enjoining the defendant from enjoying the benefits of the patent involved.

Unless it can be said on the papers before me that this action is not maintainable as a matter of law, it is clear that the case must go to trial. It has many elements in common with those treated in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; Hartford-Empire Co. v. Shawkee Manufacturing Co., 3 Cir., 163 F.2d 474, and United States v. Hartford-Empire Co., D.C., 73 F.Supp. 979. Although those cases may not control every aspect of this action, the situation in them has sufficient similarity to that revealed here so that their underlying reasoning is most apposite.

While it is true that in the Hazel-Atlas case the fraud was perpetrated upon the Court in which the proceeding was instituted, whereas in the instant case the imposition is alleged to be upon the Patent Courts, this does not necessarily require dismissal of the action. The doctrine of the Hazel-Atlas case appears sufficiently broad to encompass within its ruling an action such as this in view of the "issues of great moment to the public in a patent suit." Hazel-Atlas case, 322 U.S. at page 246, 64 S.Ct. at page 1001.

Extended discussion of the facts of this case is unnecessary. The plaintiff charges that by conspiratorial action the defendant obtained a patent through a sinister fraud practiced on the Patent Office and the Court of Customs and Patent Appeals as well as upon the plaintiff and its assignor. Both the public interest inherent in a patent monopoly and the administration of justice are directly affected by this grave charge. It cannot be determined with assurance on the present record that the plaintiff had or was chargeable with such knowledge of the fraud as to bring the case within the principle enumerated by the New York Court of Appeals in Sielcken-Schwarz v. American Factors, Ltd., 265 N.Y. 239, 192 N.E. 307, and like cases—assuming, as argued by the defendant, that the New York Statute of Limitations governing actions on the ground of fraud is applicable, Civil Practice Act, Section 48, subdivision 5. If the claim of fraud asserted here is available to the plaintiff, res judicata is no answer to the claim. The very basis of this suit is that the adjudication invoked to conclude the plaintiff itself was the fruit of the asserted fraud. The plaintiff claims it acted promptly after discovery of the new facts; whether it did or should with reasonable diligence have unearthed them sooner is a triable issue. It is not to be held now that laches precludes presentation of its case.

Defendant's motion for summary judgment is denied.

Settle order on notice.