Francis X. Conlon, J.
Defendants move pursuant to rule 107 of the Rules of Civil Practice for an order dismissing the complaint on the ground of an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the issues raised in the complaint.
The defendant association had sold a tract of land to the plaintiff and received a purchase-money mortgage as part of the consideration. That mortgage was foreclosed in an action in which this plaintiff was named as a defendant. A codefendant *203 in the foreclosure action asserted claims similar to the claims set forth in the complaint. The plaintiff failed to do so.
Essentially it is plaintiff’s contention that the sale of the property was fraudulently induced and by this action plaintiff seeks to recover the damage. If fraud there was, it permeated the mortgage and rendered it voidable. A judgment here would destroy the effect and basis of the judgment of foreclosure and the claim here could have been asserted in opposition to the claim of ownership of the defendant association of any interest in the property or its right to foreclosure of the mortgage covering that property.
Plaintiff relies on Sheresky v. Balbrook Realty Corp. (188 Misc. 557). There the plaintiff charged that it was induced by the defendant, as mortgagee of certain property, to enter into a lease upon the false representation that the mortgage was not in default when in fact it was, and the defendant was contemplating the foreclosure by reason of the existing default. With respect to contention of bar by prior judgment, the court stated (p. 558): “This rule applies, however, only 1 when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first [citing cases]. It is not conclusive, however, to the same extent when the two causes of action are different, not in form only * * * but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined * * ' (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307.) The required measure of identity is not present in this case. In the foreclosure action the moving defendant was selling the pledged security for its loan free of any subsequent liens. In this action plaintiff seeks 'damages resulting from the fraudulent inducement to enter into the lease. The situation is akin to that in Sielcken-Schwarz v. American Factors, Ltd. (265 N. Y. 239), where it was stated (p; 243): ‘ * * * plaintiff does not now attack the title of the defendant corporation =» * gpe geeks only damages for alleged fraudulent acts * * *.’ So in the case at bar. The plaintiff in no way questions the title the moving defendant established through the foreclosure action: he seeks only damages for fraudulent acts as a result of which he was induced to enter into the lease agreement since abrogated by the foreclosure.”
By this action plaintiff is, in effect, attacking the defendants’ right or interest in the mortgaged property, which was the basic fact involved in the foreclosure action. The motion is granted and the complaint is dismissed.