■ ROBERT V. RAFTER, Respondent, v. MANUFACTURERS TRUST Co. et al., Appellants.— In an action to recover damages for fraud and conspiracy, the defendants appeal as follows from an order of the Supreme Court, Westchester County, dated July 18, 1962: The individual defendants appeal from so much of said order as denied their motion to dismiss the second amended complaint, upon the ground that the causes of action alleged are barred by the Statute of Limitations (Rules Civ. Prac., rule 107). The defendant Trust Company appeals from so much of said order as denied its motion to dismiss the said complaint, upon the ground of insufficiency (Rules Civ. Prac., rule 106). Order modified, on the law, by striking out the second and third decretal paragraphs which denied the motion of the individual defendants and directed them to serve their answer, and by substituting a paragraph granting said motion. As so modified, the order, insofar as appealed from, is affirmed, without costs, with leave to the defendant Trust Company to serve an answer within 20 days after entry of the order hereon. The pertinent limitations statute (Civ. Prac. Act, § 48, subd. 5) provides, in effect, that a cause of action for damages for fraud is barred six years after plaintiff's discovery of the facts constituting the fraud. Insofar as the individual defendants are concerned, the allegations of the complaint clearly demonstrate plaintiff's knowledge of such facts for a period more than six years prior to the commencement of this action. The cause of action against the individual defendants is, therefore, barred (*Kelly* v. *City of New York,* 276 App. Div. 540, affd. 302 N. Y. 589). Plaintiff's later discovery of the defendant Trust Company's participation in the alleged fraud and conspiracy did not revive the cause of action against the individual defendants (*Sielcken-Schwarz* v. *American Factors,* 265 N. Y. 239). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.