■ MERYL F. TREPUK et al., Respondents, v NORMAN D. FRANK, Individually and as an Executor and Trustee of Joseph H. Steinhardt, Deceased, Appellant.—Order entered in the Supreme Court, New York County, on October 1, 1974, denying defendant's application to dismiss the complaint unanimously modified, on the law and in the interests of justice, by granting to the defendant leave to renew the application to dismiss after discovery proceedings have been had and, as so modified, affirmed, without costs or disbursements. A final disposition should not be made on the minimal record submitted, consisting only of the complaint and defendant's counsel's affidavit. The acts complained of occurred almost half a century ago. We

cannot agree with Special Term that the Statute of Limitations does not bar the action without a much more complete disclosure of the facts. Although we note that fraud is alleged against a fiduciary, we must also consider the inordinate lapse of time, the laches involved, and that the complaint alleges that the defendant "at all times" made false representations to the plaintiffs. If we assume this allegation to be true, plaintiffs discovered the facts upon which an action could have been started, or could have discovered such facts with reasonable diligence (CPLR 203, subd [f]; see, also, *Higgins v Crouse,* 147 NY 411; and *Sielcken-Schwarz v American Factors,* 265 NY 239) in 1926 or 1927 and the action would be time barred. "I think the true rule is that, where the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him. He will be held, for the purposes of the Statute of Limitations, to have actually known what he might have known and ought to have known." *(Higgins v Crouse, supra,* p 416.) Accordingly we modify to permit renewal of the application to dismiss the complaint in order that, following disclosure proceedings, a more adequate factual basis may be presented for a determination of the applicability of the Statute of Limitations as a complete defense to the action. Concur—Kupferman, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.