In the Matter of the Arbitration between AMERICAN MACHINE AND FOUNDRY COMPANY, Petitioner, and CHARLES FAY, as President of Amalgamated Machine, Instrument and Metal Local 475, United Electrical, Radio and Machine Workers of America, et al., Respondents.

Supreme Court, Special Term, Kings County, December 28, 1948.

*George S. Hills* and *Andrew J. Graham* for petitioner.

*Frank Scheiner, Morton Friedman* and *Mildred Roth* for respondents.

*Benjamin Rubenstein* for William S. Abernathy, intervener.

FROESSEL, J. Three motions. (1) The American Machine & Foundry Company (hereinafter referred to as the " employer ") seeks an order staying arbitration demanded in notices of intention to conduct arbitration served on it, allegedly pursuant

to the provisions of a labor relations agreement entered into by it and the respondent, Amalgamated Machine, Instrument & Metal Local 475, United Electrical, Radio and Machine Workers of America (hereinafter referred to as the "union local"), and for an immediate trial by a jury of the issues as to whether or not said arbitration has been commenced and is being conducted in accordance with said agreement and whether or not, under the circumstances, there is a dispute between the parties which may thereunder be subject to arbitration.

(2) The respondent union local seeks an order, pursuant to section 1450 *et seq.* of the Civil Practice Act, directing that the arbitration demanded by said notices proceed in the manner provided in the agreement between said parties.

(3) William S. Abernathy, claiming to be the duly elected chairman of the shop committee of the union local, whose constitution and by-laws, it is urged, constitute his committee as the only authority to administer the affairs of the unit and union among petitioner's employees, moves for an order granting him leave to intervene in support of the employer's motion for a stay of the arbitration proceedings. In this connection the respondent union local has filed a special notice of appearance contesting the jurisdiction of this court to entertain said application to intervene because of improper service of the papers. Inasmuch, however, as its president, Charles Fay, has submitted, by the union local's attorney, a voluminous affidavit and exhibits in opposition to said application, thus joining issue on the merits, and the merits were argued orally as well as in the brief submitted by said attorney, the union local must be deemed to have appeared. (*Braman* v. *Braman,* 236 App. Div. 164; *Citizens Trust Co. of Utica* v. *Prescott & Son, Inc.,* 221 App. Div. 426.)

On April 1, 1948, the employer and the union local entered into a labor agreement which contains a specified adjustment procedure for the settlement and determination of grievances or controversies between them, with the ultimate submission thereof to arbitration should the preliminary adjustment procedure fail. Prior to October, 1948, the aforesaid shop committee, elected by the employees, had always acted as the grievance committee. On October 19, 1948, the union local informed petitioner of the appointment of a different grievance committee. Each committee claims that it alone has authority. On November 4, 1948, the union local's business manager wrote the employer that its answer in respect to a certain grievance was unsatisfactory and unacceptable, and that accordingly he

wished to submit the dispute to arbitration. With this letter was a copy of one addressed to the arbitrator designated by the parties' aforesaid labor agreement. This letter requested the arbitrator to set the stated grievance down for hearing. On November 9, 1948, said arbitrator addressed a letter-notice to the parties, in which he stated in part that it was impossible for him to decide whether or not he had jurisdiction to hear the dispute, and that no course was open to him except the setting of a date for a hearing at which evidence may be adduced necessary for him to determine first, whether he had jurisdiction to hear the dispute, and second, if he decided that he had such jurisdiction, finally to dispose of the dispute pursuant to article XVII of the agreement. Of course, the question of law as to his jurisdiction in the matter is for the court, and not for the arbitrator to decide. (*Matter of Graphite Metallizing Corp.*, 271 App. Div. 839, and cases therein cited.) He set the hearing of the dispute for a date sufficiently in advance to enable any party to avail itself of the procedure provided by article 84 of the Civil Practice Act. These proceedings were instituted as a result, and, in the meantime, the arbitration hearing has been continued.

The employer's position is that it is caught in a cross fire of intra-union dissension which constitutes a serious threat to its rights under its labor agreement with the union local, and endangers the entire course of its labor relations, and jeopardizes the welfare of its employees, including those who are not members of the local. It urges that so far as it can determine, the so-called second grievance committee, appointed by the union local, has not established its power and authority, and that the opposing faction, duly elected by the employees of the unit, which seeks to intervene here, appears to have been acting with full authority, but petitioner is unable to determine which, if either, is duly constituted. Neither of the contending factions has taken any direct legal steps to determine which has the proper authority to act under the labor agreement.

The employer urges that if said intervener is permitted to come into this proceeding, all of the parties involved will be represented. In that case, a final determination of the rights and obligations of all concerned will be possible, including the determination of the issue as to which of the two committees is empowered to administer the provisions of the labor contract between the parties. Confronted with two different claims for representation of its employees, the employer has recognized neither, but urges that this court permit intervention,

in which event the decision on its motion may abide the outcome of the court's determination of the respective rights of the two factions, for if the intervener should establish his contentions, then it will follow that the pending arbitration proceeding initiated on behalf of the substitute grievance committee will automatically be stayed as having been commenced without authority of the labor agreement; if not, the arbitration may proceed. In short, the employer would have the two contending factions in the local union litigate the basic question of authority presented herein, on the assumption that such a determination will effectively dispose of the arbitration proceeding.

It would serve no useful purpose to iterate here the many contentions asserted in the voluminous papers before me. These clearly present a triable issue of fact as to which faction is entitled to administer in behalf of the union local matters of grievances under the unexpired collective bargaining agreement with the employer. While that controversy would not ordinarily be the direct concern of the employer, it has been caught in the cross fire of contending forces, one of which would compel arbitration of an alleged dispute and the other would not. Accordingly, it is my opinion that this is a proper case for intervention, pursuant to the provisions of sections 192 and 193 of the Civil Practice Act. (*Publishers' Assn. of New York City* v. *New York Typographical Union No. 6,* 168 Misc. 267.)

The intervener has an important interest in this proceeding for he claims, on behalf of the grievance committee which had heretofore functioned under the terms of the collective bargaining agreement, the right to continue to do so. Under somewhat similar circumstances, the Appellate Division, First Department, said in *Wolchok* v. *Kovenetsky* (274 App. Div. 282, 285): "Because these two groups are disputing between themselves is no reason why Macy [the employer] should in any way be prejudiced or its rights under the existing agreement, which it desires fully to carry out, be any way impaired. Macy is willing to carry out the terms of this unexpired agreement with whomever the court shall hold to be entitled to proceed thereunder. But neither group of employees has any right to violate or to interfere with its basic terms."

In that case, the plaintiff international union and ten individuals claiming to be members of the original local, brought suit to enjoin the defendant, which called itself Local 1-S (unaffiliated), and consisted of employees of Macy who purported to take over the affairs and administration of the original

local. Among the issues presented was (pp. 283–284) " Who is now entitled to administer the present unexpired collective bargaining agreement with R. H. Macy & Co.? " In connection with that issue, the court said at page 285: " In substance, therefore, we have here presented a controversy between two groups as to who is now entitled to be treated as the party to the existing agreement and whose officers are entitled to enforce its provisions. That question, although it does not involve a labor dispute under section 876-a of the Civil Practice Act, *cannot be determined on affidavits; it must await a trial.*" (Italics supplied.)

Upon a motion to stay arbitration, as upon a motion to compel arbitration, only two issues may be tried, (a) whether an agreement to arbitrate was made, and (b) whether there was a failure or refusal to proceed with the obligation to arbitrate (*Matter of Kahn [National City Bank]*, 284 N. Y. 515, 523; *Matter of Lipman [Haeuser Shellac Co. Inc.]*, 263 App. Div. 880).

In the case at bar, there is no question that the collective bargaining agreement herein contains provisions for arbitration. The only question presented is whether the employer has refused to arbitrate thereunder. If the substitute or second grievance committee had jurisdiction, then it will follow that the employer refused to proceed with its obligation to arbitrate. If, on the other hand, only the old committee, represented by the intervener, had authority, then there could have been no refusal to arbitrate, since such committee did not submit any grievance for arbitration.

The issue as to which committee is entitled to administer the provisions of the collective bargaining agreement, with respect to grievances, cannot be decided upon the affidavits now before the court. It must be determined at a hearing, and since a jury has been timely demanded, the matter will be set down for an early date in January, 1949. In the meantime, all proceedings with respect thereto will remain *in statu quo.* The order to be submitted shall be as provided in the last sentence of section 1450 of the Civil Practice Act.

Settle orders on notice.