RAVEN ELECTRIC Co., INC., Respondent, *v.* NAT LINZER et al., Appellants.

Argued November 28, 1950; decided March 8, 1951.

*Herbert Shiff* and *Leo Kotler* for appellants. The validity of the arbitration proceeding cannot be attacked by a plenary action and cannot be attacked more than three months after the arbitration award has been confirmed and filed. (*Matter of Heidelberger* [*Cooper*], 300 N. Y. 502; *Feinberg* v. *Barry Equity Corp.*, 277 App. Div. 762; *Matter of Bond* [*Shubert*], 264 App. Div. 484, 290 N. Y. 901; *Sweet* v. *Morrison,* 116 N. Y. 19.)

*Alfred A. Rosen* and *Louis Schneider* for respondent. I. The complaint states a cause of action. Respondent's plenary action is the proper procedure to obtain the relief sought by it. (*Sachs* v. *Cluett, Peabody & Co.*, 177 Misc. 695; *Dick's Restaurant & Bar, Inc.*, v. *Rosenwasser,* 195 Misc. 179, 275 App. Div. 832; *Kristel* v. *Steinberg,* 188 Misc. 500; *Matter of Viro Realty Corp.* [*Belmont*], 297 N. Y. 871.) II. Section 1463 of the Civil Practice Act is no bar to a plenary action to have declared null and void the alleged arbitration proceedings and the award and order entered thereon. (*Dick's Restaurant & Bar, Inc.,* v. *Rosenwasser,* 86 N. Y. S. 2d 778; *Matter of Manufacturers Chemical Co.* [*Caswell, Strauss & Co.*], 259 App. Div. 321; *Matter of Zimmerman* [*Cohen*], 236 N. Y. 15.)

LEWIS, J. Protracted litigation between the plaintiff as a tenant and the defendants as landlords has given rise to this action.

The rent to be paid by the plaintiff-tenant to the defendants-landlords for the use of commercial space at 889 Broadway, Manhattan Borough, New York City, was fixed in 1948 by an arbitration proceeding at a sum in excess of rent otherwise permissible under the emergency rent control laws. By the action now before us the plaintiff-tenant seeks a judgment declaring that the arbitration proceeding was a mere sham; that the order made at Special Term confirming the arbitration award be vacated, and that plaintiff be required to pay the emergency rent fixed by statute rather than the amount set by the arbitrators. The plaintiff also seeks to recover what is alleged to be excessive rent paid to defendants.

From the record it appears that on two prior occasions when the tenant had failed to pay the rent fixed by arbitration, the defendants-landlords procured final orders in their favor in summary proceedings brought in Municipal Court. Subsequently, in June, 1949, when the plaintiff again declined to pay a monthly installment of rent then due, the defendants commenced a third summary proceeding in Municipal Court. Thereupon the plaintiff instituted in Supreme Court the present action for a declaratory judgment and moved for an order consolidating the pending third summary proceeding with the tenant's present action. Thereafter the defendants moved to dismiss the complaint in the present action for a declaratory judgment upon the grounds (1) that the complaint does not state a cause of action; (2) that, as to the validity of the arbitration proceeding, the orders in the two summary proceedings are *res judicata*; and (3) that the action is barred because it was commenced more than three months after the entry of the Special Term order confirming the arbitration award.

The defendants-landlords succeeded at Special Term where the complaint was dismissed and the plaintiff's motion for consolidation was denied. At the Appellate Division the order granting the defendants' motion to dismiss the complaint was reversed on the law and plaintiff's motion to consolidate the summary proceeding with the action now before us was granted. Thereafter, the Appellate Division granted a motion by the defendants for leave to appeal to this court and certified the following questions:

"1. Whether, on the facts shown by the record herein, the final order dated March 7, 1949, in the summary proceeding for non-payment of rent entered in favor of the defendant (landlord) is *res adjudicata* with respect to the validity of the arbitration agreement fixing the reasonable rent pursuant to Section 8554 of the Business Emergency Rent Control Law.

"2. Whether, on the facts shown by the record herein, the final order in the summary proceeding, dated May 31, 1949, for non-payment of rent, entered on consent in favor of the defendants (landlord) is *res adjudicata* with respect to the validity of the arbitration agreement fixing the reasonable rent pursuant to Section 8554 of the Business Emergency Rent Control Law,

" 3. On the facts shown by the record herein, may the validity of the arbitration proceedings be attacked in a plenary action?

" 4. On the facts shown by the record herein, if the validity of the arbitration proceedings can be attacked by plenary action, can the said plenary action be commenced more than three months after the award was confirmed and filed? "

As long ago as 1902 this court, in *Matter of Wilkins* (169 N. Y. 494) had occasion to consider a problem similar to the one now before us. After examining statutory provisions then controlling procedure in arbitration proceedings, the court stated at page 498: " This examination of the various provisions of the statute relating to this subject, and the decisions of the courts of this state as to the conclusiveness of an award upon the merits, discloses that *the only method* of attacking or reviewing an award. is *by motion* to vacate, modify or correct it for the reasons mentioned in the statute." (Emphasis supplied.)

By subsequent enactments governing arbitration proceedings and procedure applicable thereto, now assembled as article 84 of the Civil Practice Act, the Legislature has made it clear that, except as otherwise provided therein, any application to the court or to a judge thereof under the provisions of article 84 — including the vacatur of an arbitration award — shall be " * * * made and heard in the manner provided by law for the making and hearing of *motions* ". (Civ. Prac. Act, § 1459; emphasis supplied.) (And see L. 1920, ch. 275, § 6; L. 1937, ch. 341, § 13.) Within procedure now prescribed by article 84 are the following requirements: Under subdivision 5 of section 1462 — if it shall appear that there was no valid submission or contract, and objection has been raised under conditions set forth in section 1458, the court upon *motion* made by a party to the controversy " must make an order vacating the award ". Such a *motion* to vacate an award, under section 1463, must be made upon notice served upon the adverse party or his attorney " *within three months after the award is filed or delivered * * * *" *. (Emphasis supplied.) (See *Matter of Heidelberger [Cooper]*, 275 App. Div. 158, revd. 300 N. Y. 502.)

In the arbitration proceeding here involved the plaintiff corporation nominated one of the two arbitrators and appeared by counsel in the arbitration proceeding; its president was present and testified at the hearing and thereafter both he and

plaintiff's counsel signed a written consent to the order made at Special Term confirming the award now challenged. The plaintiff did not, however, at any time apply *by motion* for a court order vacating the award, as required by section 1463 of the Civil Practice Act. Instead, on a date more than three months after the award was personally delivered by the arbitrators to each party to the arbitration, the plaintiff instituted the present action whereby the relief sought is a judgment declaring the arbitration proceeding null and void, vacating the order of Special Term which confirmed the award therein, and demanding recovery of what is alleged to be excessive rent paid to the defendants.

Those circumstances, disclosed by the record, which establish plaintiff's nonconformance with the statutory procedure mentioned above (Civ. Prac. Act, §§ 1459, 1462, 1463), afford the basis for our disagreement with the order of the Appellate Division herein and our agreement with the ruling made at Special Term.

The order of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division. The third question certified is answered in the negative. The first, second and fourth questions certified are not answered.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.