GAETANO DONATO, Appellant, *v.* AMERICAN LOCOMOTIVE COMPANY et al., Respondents.

Third Department, March 12, 1952.

*Stephen Della-Rocca* for appellant.

*Laurence V. Benedict* for American Locomotive Company, respondent.

*Athena C. Kouray* for Anthony F. Barbieri, as President of the United Steelworkers, etc., for respondent.

BERGAN, J. This is a badly drawn complaint, but in the interstices of its language plaintiff seems to suggest that he may be entitled to an equitable intervention in support of his purported rights. If he shows this much, he should be allowed to plead over even though we conclude, which we do, that the Special Term was right in its order of dismissal.

The action is brought against plaintiff's employer, the American Locomotive Company, and his labor union, United Steelworkers of America, C. I. O., Local Union No. 2054, and arises out of the arbitration of the causes for the plaintiff's discharge from employment. The arbitration proceeding was

had in pursuance of an agreement between the employer and the union. A majority of the panel of arbitrators decided favorably to the employer and against the petition of the defendant labor union seeking to override the plaintiff's discharge from employment.

The complaint annexes and incorporates the report and decision of the arbitrators and makes many rambling and pointless allegations embracing the proceedings and the facts with reference to the discharge of plaintiff from employment.

Among other things it is alleged that the employer and the union " conspired " to deprive plaintiff of his right to employment; that he was discharged in pursuance of this " conspiracy " or " plan ", with both defendants knowing that it would be " impossible " for plaintiff to obtain other employment.

Words like " conspiracy " or " plan " or " fraudulent " are not actionable in themselves when stated in a pleading. They do not breathe fresh vigor into a morbid complaint unless facts are also pleaded to show that the pleader is hurt in some legal sense.

What is inferable from plaintiff's complaint when it is read in connection with the arbitrators' decision is that both the employer and the union unduly delayed in the presentation of the case to the panel and that this delay alone was the reason for the arbitrators' decision adverse to plaintiff.

If it had been within the competency of the arbitrators to make this kind of a decision, i.e., if delay in presentation of the claim were an admissible ground for denial of relief on the merits, and if the defendants together or individually delayed the submission to bring about such denial, then under a proper complaint a good case might be pleaded.

We think, however, it is unnecessary to reach that question because it is apparent from the decision of the arbitrators themselves that they have not properly passed on the question submitted to them and that a court in equity could, under an appropriate pleading showing the incompleteness of the consideration by the arbitrators, direct its resubmission.

The stipulation of submission of the controversy to the arbitrators made by the employer and the union was that the panel was to " decide " the case of plaintiff's discharge from employment on its " merits ". Nothing in the record suggests that the circumstances leading to submission were also included within the scope of inquiry.

There is in the decision a lengthy consideration of the facts leading to plaintiff's discharge, which is followed by this statement: "A majority of the Panel (Burkard and Porter) feel that the discharge * * * was not merited by the facts presented to the Panel." This is followed by a statement that the length of time "during which the Union has permitted this case to languish poses many problems for the Panel."

At a later point in the decision this is elaborated by the statement that "It is this factor of timeliness which has made it difficult for the Panel to reach what a majority of the Panel felt was an equitable decision."

There is a fair amount of language to similar effect, the conclusion from which is that the panel felt that the union did not prosecute the case promptly. The view is expressed as a part of the report that the passing of time relieved the employer of the obligation of producing evidence of "prior reprimands" and that such delay by the union "effectively sustained" the employer's judgment on the discharge of plaintiff.

"Admittedly", concludes the report, "Donato has suffered injury as a result of this incident," but relief for this "is not within the power" of the panel; in consequence, it states, the award is in favor of the employer.

On its face this is the kind of an award which the court would vacate under subdivision 4 of section 1462 of the Civil Practice Act on the ground that the arbitrators "so imperfectly executed" their powers that a "mutual, final and definite award upon the subject-matter submitted was not made", and would direct a rehearing before the same or other arbitrators.

If a pleading clearly alleging such a defect were presented we have little doubt that the court in equity would do the same thing. The employer and the union both knew, and necessarily had fully in mind, the length of time that had elapsed since plaintiff's discharge, a period of almost two years, when they submitted the merits of the controversy. Both sides were entitled to a decision on the merits, one way or another.

They did not include the effect of delay in their submission. The arbitrators were not at liberty to use the time of submission, which the parties themselves necessarily waived by the fact of an unreserved and general submission, as a ground of avoiding a complete decision.

If the facts of the plaintiff's prior "reprimands" were important to a decision, and this seems to be the only way in which the passing of time hampered adjudication, no reason

is shown why such " reprimands " could not have been established or disproved by reason of the length of time which elapsed here, and if on the whole record these arbitrators felt themselves unable to make a decision reaching the merits, they should have announced that disability and left the case open to decision by another panel.

There are some residual procedural questions which require brief treatment. Usually a party to an arbitration agreement who seeks to vacate an award on any of the grounds recognized by statute is limited to the procedural facilities afforded by the arbitration article of the Civil Practice Act (art. 84).

It was the usual practice before the enactment of the statutory provisions to maintain an action in equity to vacate and set aside an award, and the court then considered substantially the same questions as those now made available by the statute. *Perkins* v. *Giles* (50 N. Y. 228) and *Remington Co.* v. *London Assur. Corp.* (12 App. Div. 218) are examples. Compare *Matter of Bullard* v. *Grace Co.* (240 N. Y. 388).

Plaintiff seems bound by the submission made on his behalf by the union (*Matter of Albert,* 160 Misc. 237). But he was not in control of the arbitration or of the procedure to review its results; he was not a direct party to the submission; and his right to apply as a " party to the controversy " for an order vacating the award under section 1462 of the Civil Practice Act was in doubt enough, and seems not to have been exercised in any event for reasons good enough, to save his right in equity against statutory proscription. There are intimations in *Matter of Fenster* (234 App. Div. 868) that this right survives in cases where equity ought to assume jurisdiction. *Flora Fashions, Inc.* v. *Commerce Realty Corp.* (80 N. Y. S. 2d 384) a decision at Special Term which turned on a different point, might be compared.

In any event defendants do not argue here, and did not raise the question on the original motion, that this action does not lie, but contented themselves with urging insufficiency of the pleading as such, a theory adopted at the Special Term. We do not pass upon the question whether jurisdiction of the defendant union has been obtained by suing its president in his representative capacity. That question was not clearly raised on the motion, but was collaterally referred to as a matter of pleading. It remains open to be raised directly in such manner as that defendant may be advised.

The order should be modified by permitting plaintiff to plead over facts showing that the powers of the arbitrators were so exercised that a mutual, final and definite award on the subject matter submitted was not made, and as so modified, the order should be affirmed, without costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Order modified, on the law and the facts, by permitting plaintiff to plead over facts showing that the powers of the arbitrators were so exercised that a mutual, final and definite award on the subject matter submitted was not made, and as so modified, the order is affirmed, without costs.