Joseph Curtis et al., Respondents, v. New York World-Telegram Corporation, Appellant and Third-Party Plaintiff. Joseph Simons, as President of Newspaper and Mail Deliverers' Union of New York and Vicinity, Third-Party Defendant.

First Department, May 26, 1953.

*Thomas A. Diskin* of counsel (*Macdonald DeWitt* and *Harry H. Van Aken* with him on the brief; *Baker Hostetler & Patterson* of counsel; *DeWitt, Van Aken & Nast,* attorneys), for appellant and third-party plaintiff.

*Martin Markson* of counsel (*Louis Waldman* and *Seymour M. Waldman* with him on the brief; *Waldman & Waldman,* attorneys), for respondents.

*Per Curiam.* Plaintiffs and their assignors, members of a union that had a collective bargaining agreement with defendant, employer, bring this action, not through the union but as individuals, for wages claimed to be due them during a period in 1950 when publication of defendant's paper was suspended by reason of a strike of another and different union. Defendant appeals from denial of its motion for summary judgment on the ground of facts established prima facie by documentary evidence and official record.

Concededly in June, 1950, a dispute arose between these employees and defendant their employer as to the right of the employees, plaintiffs, and their assignors to receive wages for the period in question. The employer claimed the employees were not entitled to any wages during the time they performed no services and failed to report for work. The union claimed that the employer had cut off from the payroll so-called " regular situation holders and regular substitutes ". Under the arbitration clause in the collective bargaining agreement between the union and the employer, the dispute was concededly submitted to arbitration. After hearings, the arbitration board headed by I. Robert Feinberg, impartial chairman, held on July 6, 1950, that some regular situation holders were entitled to be paid from June 15, 1950, to July 6, 1950, and the others were not. Under the award so made, defendant concededly paid $60,000 to the members of the union to whom the award had been made including plaintiffs and 395 other union members, plaintiffs' assignors.

That first arbitration by its terms covered only the period from June 15, 1950, to July 6, 1950, and related only to so-called " regular situation holders ". That award left undetermined certain other issues including the right of so-called " regular substitutes " to be paid for the period in question. Accordingly, a second arbitration supplementary to the first was agreed to by a submission dated October 11, 1950, signed by the union and the employer. On December 18, 1950, said I. Robert Feinberg, as arbitrator, made another supplementary award, holding *inter alia* that regular substitutes were not entitled to the bene-

fits of the award made on July 6, 1950, and that no compensation was due to any regular situation holder for hours not worked after July 6, 1950, to the termination of the work stoppage, i.e., August 25, 1950.

Thereafter a motion to confirm the award on notice to the union was granted and after union opposition had been heard, an order was entered on November 15, 1950, confirming the award. A judgment was duly entered thereon on December 3, 1951, from which no appeal has been taken and the time to appeal has long expired.

Plaintiffs admit the validity and conclusiveness of the first arbitration, but deny the validity of the second claiming it is not binding on them as individuals because as *individuals* they had no notice of the proceeding, their union representatives had no authority to sign the submission or represent them in the arbitration and because the said officials were faithless in their duties to their own membership.

Plaintiffs waited more than six months after the second arbitration proceeding was decided before commencing this action on July 2, 1951. Plaintiffs knew at least by November 7, 1951, before the order of November 15, 1951, confirming the second arbitration award was entered, that the Special Term had determined to confirm the award. By their present counsel, plaintiffs wrote the Special Term on November 8, 1951, claiming that they were never served with papers and had no notice of the proceeding and asking that the court enter any order without prejudice to the plaintiffs' rights in this case. That the Special Term did not do. Plaintiffs made no motion to intervene to prevent the order from being entered and thereby avoid the judgment subsequently entered thereon and have made no motion to intervene and vacate the judgment on the ground that it violated their rights and was entered without their notice or on any ground.

Defendant's defense is founded upon facts established prima facie by documentary evidence and official records including a judgment of the Supreme Court.

The only issues raised by plaintiffs relate to the submission agreement which referred for final determination all issues raised and undetermined in the original notice of grievance and all collateral issues arising therefrom. The new officers of the union elected on January 1, 1952, admit in their answer herein to the third-party complaint verified February 14, 1952, that the submission was duly executed by the union.

Plaintiffs in this action seek collaterally to attack the judgment entered on the arbitrator's final award as confirmed. Plaintiffs have failed to show any facts sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence and official records (Rules Civ. Prac., rule 113). The judgment unappealed from is a bar to the present action and as long as it stands unreversed is final and conclusive.

Defendant employer, as third-party plaintiff, sued the union for $50,000 damages for its expenses and counsel fees incurred but in its brief requests only dismissal of the complaint. As we have determined to dismiss the complaint, the third-party complaint should also be dismissed as academic.

The order appealed from should be reversed on the law and defendant's motion for summary judgment granted.

PECK, P. J., GLENNON, DORE, COHN and BREITEL, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.