GAETANO DONATO, Respondent, *v.* AMERICAN LOCOMOTIVE COMPANY, Appellant, et al., Defendants.

Third Department, February 9, 1954.

*Laurence V. Benedict* for appellant.

*Stephen Della-Rocca* for respondent.

HALPERN, J. This case is before this court for a second time. The plaintiff had originally sued his former employer, American Locomotive Company, and his labor union, United Steel Workers Union, C.I.O., Local Union No. 2054, for damages and for reinstatement in employment.

The original complaint alleged that the plaintiff had been discharged on April 14, 1948, for reasons which the plaintiff claimed did not constitute " proper cause " within the meaning of the collective bargaining agreement between the employer and the union. As appears from the complaint and the exhibit annexed thereto, the plaintiff protested against the discharge and, in accordance with the collective bargaining agreement, intramural hearings were held and the so-called second and third steps in the grievance procedure were completed on October 15, 1948. Thereafter, the union demanded arbitration of the controversy pursuant to the provisions of the collective bargaining agreement. The company agreed to arbitration and designated its representative on January 24, 1949. On February 2, 1949, the representative so designated wrote the representative designated by the union suggesting a candidate for the third impartial member of the arbitration panel. Appar-

ently nothing further was done by the union until January 11, 1950, when the union requested that the plaintiff's grievance be arbitrated by a panel which had been originally appointed to hear another case. The company promptly agreed to this and accordingly a hearing on the plaintiff's case was held by the arbitration panel on February 8, 1950. The arbitration panel handed down its award on March 31, 1950, upholding the plaintiff's discharge by a vote of two to one.

The full text of the arbitrators' award was annexed to the complaint and made a part thereof. The impartial member of the panel who cast the deciding vote expressed the view " that Donato's discharge was not originally justified by the behavior alleged by the Company but that by permitting this grievance to languish as long as it has, the Union had in effect acquiesced to the Company's judgment as to the discipline warranted in Donato's case ". Further, " The fact that the case was not pressed to timely arbitration, plus the fact that there is no evidence that failure to accomplish this can be charged to the Company's action, nor other possible extenuating circumstances, can only mean, in the opinion of the impartial member of the Panel, that by its lack of diligence in pressing this case to arbitration the Union effectively relieved the Company of the necessity of producing factual evidence of prior reprimands and effectively sustained the Company's judgment as to the extent of discipline warranted ". The arbitration panel concluded that the plaintiff " has suffered injury as a result of this incident, but it is not within the power of this Panel to award damages nor to evaluate formally the acts which were responsible for the injury suffered by the individual ".

The original complaint alleged that the defendant union had wrongfully, negligently and maliciously " refused and neglected to arrange a timely arbitration hearing for the plaintiff, although the plaintiff repeatedly requested and demanded of them to arrange for said hearing." Furthermore, the complaint alleged that the defendant union had wrongfully, negligently and maliciously " refused and neglected to appeal the Arbitration Panel's Decision of the 8th day of February, 1950, within the 3 months' period as prescribed by Section 1462 [sic], of the Civil Practice Act." The complaint concluded with a prayer for reinstatement of the plaintiff in his former position and for a money judgment for damages for the wages lost and for injury to the plaintiff's health, and to his standing and credit.

Upon motion, this complaint was dismissed as to both defendants for insufficiency on its face. Upon appeal to this court

the dismissal was affirmed (279 App. Div. 545), but the court granted the plaintiff leave to amend the complaint. The court suggested that an action in equity would lie to vacate the award on the ground that the arbitrators had in the language of subdivision 4 of section 1462 '' so imperfectly executed '' their powers that '' a mutual, final and definite award upon the subject-matter submitted was not made '', the court indicating that, in its opinion, the arbitrators should not have taken into account in determining whether the discharge should be annulled and the plaintiff reinstated, the long period of delay on the part of the union in pressing the case for arbitration.

The amended complaint now before the court was drawn in accordance with the suggestion made by the court in its opinion upon the former appeal. The arbitrators' award is also annexed to this complaint and the complaint seeks a judgment setting aside the arbitrators' award. The Special Term denied a motion by the defendant American Locomotive Company to dismiss the complaint and from that denial the company appealed. Upon this appeal, the question of the sufficiency of the amended complaint is open for *de novo* consideration. All that was decided upon the former appeal was that the complaint then before the court did not state a cause of action; the granting of leave to serve an amended complaint cannot be regarded as an adjudication in advance of the sufficiency of an amended complaint drafted in accordance with the court's suggestion.

Upon examination of the amended complaint, a majority of the court is of the opinion that the amended complaint does not state a cause of action. Without going into the question of whether the award would in fact have been vulnerable upon direct attack, upon the ground that the arbitrators had given weight to the long period of delay and acquiescence on the part of the union in the discipline administered by the employer, we think it clear that an action in equity will not lie to vacate the arbitration award.

The arbitration proceeding was conducted under the Civil Practice Act pursuant to the arbitration provisions of the collective bargaining agreement. The recent decisions of the Court of Appeals have settled beyond doubt, if there ever was any ground for doubt, that the statutory remedy for an attack upon a statutory arbitration award is exclusive and that a plenary suit in equity will not lie for that purpose (Civ. Prac. Act, § 1462; *Raven Elec. Co.* v. *Linzer,* 302 N. Y. 188; *Feinberg* v. *Barry Equity Corp.,* 302 N. Y. 676; *Estro Chem. Co.* v. *Falk,* 303 N. Y. 83).

In *Estro Chem. Co.* v. *Falk* (*supra*) it was claimed by the plaintiff that the arbitration award was "a fabrication and a sham contrived to give color of legality to the rent reserved in the new agreement which was in excess of the fair rental value of the commercial space demised." (P. 85.) Nevertheless, the court held that an action in equity to set aside the award did not lie and that a timely motion as provided in the Civil Practice Act was the exclusive remedy.

A motion to vacate an arbitration award must be made within three months after the award is filed or delivered (Civ. Prac. Act, § 1463). No such motion was made in this case. The award was filed on March 31, 1950. The present action was commenced on February 1, 1951. It may be noted that, in his original complaint, the plaintiff alleged that he did not receive a copy of the award until July, 1950, but even if his delay is measured from that date, over six months elapsed before he commenced this action.

We are all in agreement that this action would not lie if it were brought by the union but it is suggested in Justice BERGAN's dissenting opinion that the plaintiff is entitled to bring this action because he was not technically a party to the arbitration proceeding, although he had an interest in it.

I find myself unable to accept this line of reasoning. If every person who had an interest in an arbitration proceeding to which he was not a party had the right to attack it by a plenary suit in equity, the situation would be a chaotic one. The rule limiting attack upon an arbitration award to the prescribed statutory method is a fortiori applicable to persons who claim through or under the parties or who otherwise claim to be beneficially interested in the proceeding (*Curtis* v. *New York World-Telegram Corp.*, 282 App. Div. 183; *Flora Fashions* v. *Commerce Realty Corp.*, 80 N. Y. S. 2d 384). Thus, for example, it would be readily agreed that if the beneficiaries of a trust were represented in an arbitration proceeding by the trustee, the beneficiaries would be bound by the award and the only permissible method of attacking it would be by motion to vacate made by the trustee in the manner and within the time prescribed by law. The beneficiaries would not be allowed to maintain a suit in equity to attack the award on the ground that they were not technically parties to the proceeding. The rule forbidding collateral attack upon a judgment is applicable not only to the parties but to other interested persons, who were not parties, as well. (*Johnson* v. *Muelberger*, 340 U. S. 581, revg. 301 N. Y. 13.)

The integrity of the arbitration process would be destroyed if persons who were not parties, but whose interests were adversely affected by an award, were allowed to attack it collaterally by a plenary suit in equity. If such suits were permitted, they could be brought at any time within the ten-year Statute of Limitations governing suits in equity. This would defeat one of the principal purposes of arbitration which is to reach a speedy final result and to avoid protracted litigation. (*Matter of Bond* v. *Shubert,* 264 App. Div. 484, affd. 290 N. Y. 901.)

The plaintiff entrusted his grievance solely to the hands of his union. He did not seek to avail himself of the right under subdivision (a) of section 9 of the National Labor Relations Act, as amended by the Taft-Hartley Act in 1947 (U. S. Code, tit. 29, § 159, subd. [a]), to bring his grievance directly to his employer " and to have such grievance[s] adjusted, without the intervention of the bargaining representative ". He did not seek a direct arbitration proceeding between himself and his employer (cf. *Matter of General Cable Corp. and William Vaccaro,* 20 Labor Arbitration Reports 443). As appears from the complaint, he expended all his efforts in trying to induce the defendant union to institute an arbitration proceeding and to proceed with it. He obviously consented to have his union represent him in the arbitration proceeding and he is bound by its conduct of the proceeding. In this situation, if the plaintiff has any grievance, it is against his own union. He clearly has no right of action against his employer (*Curtis* v. *New York World-Telegram Corp., supra*). At the present stage of the controversy, the only remedy the plaintiff can possibly have is an action for damages against his union.

We are not called upon to decide in this case what remedies the plaintiff might have had if he had acted promptly and had pursued a different course. If that question were before us, the answer to it would depend upon the choice which we would make between conflicting views as to the rights of an individual employee under a conventional collective bargaining agreement. The law upon this subject is still in a state of flux. According to the older view, expressed in many decisions in the lower courts, the union has the sole right to bring an arbitration proceeding under a collective bargaining agreement and has the sole right to control the proceeding and to move to vacate an adverse award (*Bianculli* v. *Brooklyn Union Gas Co.,* 115 N. Y. S. 2d 715; *Sholgen* v. *Lipsett,* 116 N. Y. S. 2d 165; *Matter*

of *Miller & Sons [United Office & Professional Workers]*, 195 Misc. 20; see, generally, Summers, '' Union Powers and Workers' Rights '', 49 Mich. L. Rev. 805, and Jaffe, '' Labor Arbitration and the Individual Worker '', Vol. 287 Annals of American Academy of Political and Social Science 34). In recent years, however, there has been a growing recognition that the individual employee has enforcible rights of his own under a collective bargaining agreement. Thus it has been held that an individual employee may maintain a direct action for damages as a third-party beneficiary of the contract, where there is no arbitration clause barring such an action (*Hudak* v. *Hornell Inds.*, 304 N. Y. 207; cf. *Ott* v. *Metropolitan Jockey Club*, 282 App. Div. 721, 282 App. Div. 946), and, where arbitration is the exclusive remedy under the contract, the employee may demand arbitration if the union is neglectful of his interests (*Matter of Wile Sons & Co. [Messinger]*, 199 Misc. 654). Under this view, the employee would clearly have the right, in a case where an arbitration proceeding was instituted by the union, to intervene in the proceeding and to move to vacate the award if the award were an adverse one. An arbitration proceeding is a special proceeding under the Civil Practice Act and, if the arbitration panel declined to permit the employee to intervene, he could apply to Special Term for an order directing that he be allowed to intervene (Civ. Prac. Act, §§ 1459, 191–193-b; *Publishers' Assn. of New York City* v. *New York Typo. Union*, 168 Misc. 267, 270; *Matter of American Mach. & Foundry Co. [Fay]*, 193 Misc. 990, 994, per FROESSEL, J.; *Flora Fashions* v. *Commerce Realty Corp.*, 80 N. Y. S. 2d 384, *supra*). Even if the interested employee has not intervened in the arbitration proceeding, it has been held that he has the right to intervene at a later stage, in the judicial proceeding, and to move to vacate the award on the ground that he is a person interested in '' the controversy which was arbitrated '' (*Busch Jewelry Co.* v. *United Retail Employees' Union*, 170 Misc. 482; cf. *Curtis* v. *New York World-Telegram Corp.*, 282 App. Div. 183, *supra*, and *Estes* v. *Union Term. Co.*, 89 F. 2d 768). Indeed, it may be argued, as the defendant employer here does, that the plaintiff was in fact a party to the arbitration proceeding by virtue of his membership in the union, since the union is an unincorporated association and the interested members of the union may be regarded as parties to the proceeding brought in the name of the union.

For the purpose of the present case, there is no need to reach a final conclusion upon the questions touched upon in the foregoing paragraph. However those questions are decided, this action will not lie:

(1) If it is held that an employee has no right to intervene in an arbitration proceeding or to make a motion to vacate the award, this must be upon the ground that the employee's interests are wholly committed to the union's control and that the union has the sole right to conduct the arbitration proceeding and to attack an adverse award. It does not follow from this that the employee has the right to attack the arbitration award in a plenary suit in equity; on the contrary, the only conclusion which logically follows is that the employee is without any remedy, except as against his own union, if he claims that the union mishandled the arbitration proceeding or improperly failed to move to vacate the award. If this conclusion is reached upon the premise here set forth, this is not an exaltation of procedure over substance; it rests rather upon a proposition of substantive law limiting the right of the individual employee under a collective bargaining agreement.

(2) On the other hand, if it is held as a matter of substantive law that the employee has a legally enforcible right as an individual under the arbitration provisions of the collective bargaining agreement, it follows as a matter of procedural law that he has the right to intervene as an interested party in an arbitration proceeding brought by the union with respect to his grievance and to move to vacate an adverse award in such a proceeding. Thus it appears that if the employee's substantive right as an individual is recognized, there is readily available an adequate statutory remedy to protect that right. The statutory remedy is, of course, exclusive and must be exercised in the manner and within the time prescribed by statute. Upon this view of the case, the plaintiff should have intervened in the arbitration proceeding and should have moved to vacate the award within three months after the filing of the award. He had no right to bring a suit in equity to attack the award long after the expiration of the three-month period.

There remains for consideration only the suggestion that the plaintiff may be entitled to some relief under this complaint upon the theory that the defendants conspired together or acted in collusion to bring about a fraudulent award adverse to the plaintiff. There is nothing in the complaint to support this theory. The theory was really disposed of upon the former appeal. The original complaint, there. passed upon, contained

charges of collusion and conspiracy but these charges were held to be mere conclusions and the complaint was dismissed as to both defendants. The amended complaint omits the charges of collusion and conspiracy which appeared in the original complaint. Clearly, the amended complaint does not state a cause of action against the employer. The only reference in the amended complaint to anything which might be regarded as misconduct on the part of the defendant employer, subsequent to the initial discharge, is the allegation that " both defendants herein neglected and refused to bring plaintiff's grievance to a timely or speedy arbitration ". But this conclusory allegation is directly contrary to the statements of fact contained in the arbitrators' report attached to and made a part of the complaint. The statements of fact in the exhibit take precedence over any contrary conclusions in the complaint (*Kobert* v. *National Mach. Co.*, 233 App. Div. 234, affd. 258 N. Y. 586). The statements of fact in the report, referred to at the beginning of this opinion in discussing the original complaint, demonstrate conclusively that the company was not responsible for the delay. After giving the facts, the arbitrators concluded in the report " that the responsibility for this delay in bringing Donato's grievance to arbitration must be charged against the Union. There is no evidence that the Company contributed to the delay beyond third step grievance hearings ".

There is thus presented by the complaint and the exhibit attached thereto the single claim that the union by its delay created the situation which led to the decision by the arbitrators that the belated annulling of the plaintiff's discharge and his reinstatement in the company's employ would be improper. There is no basis in any factual allegation in the complaint for any inference that the company was in any way a participant in bringing about this situation.

The order appealed from should be reversed and the motion by the defendant American Locomotive Company to dismiss the complaint for insufficiency on its face should be granted.

BERGAN, J. (dissenting). In modifying the order of the Special Term dismissing the original complaint in this action we affirmed the dismissal but permitted the plaintiff to replead (279 App. Div. 545). In deference to our views the court at Special Term has denied a motion to dismiss the present complaint which is in substantial compliance with the further pleading permissible under our decision.

The new complaint pleads in effect the joint action of the defendants in so delaying submission of a proceeding in arbitration which they controlled that plaintiff's right to adjudication was frustrated and prevented.

There can be no doubt that if plaintiff had been a direct party to the agreement to arbitrate and hence became a party in the arbitration proceeding and had the freedom of choice to move, or not to move, to set aside the award, he would be kept by the court within the one procedural facility that would then be open to him by an appropriate and timely application. That point has been long settled by decisions of which *Raven Elec. Co.* v. *Linzer* (302 N. Y. 188) and *Estro Chem. Co.* v. *Falk* (303 N. Y. 83) are recent and typical examples.

But we pointed out on the original appeal in this case (279 App. Div. 549) that the arbitration article of the Civil Practice Act does not authorize plaintiff to move in respect of the award. He is not a " party to the controversy " who may move to vacate the award. (Civ. Prac. Act, § 1462.) This sort of disability was clearly raised and decided in *Matter of Romanoff (Nilow Realty Corp.)* (273 App. Div. 788).

It is argued that everything his union does in the arbitration proceeding is binding on plaintiff as against the employer, and the union not having acted in his interest, he is left to what remedy he may be able to- discover to be available against the union. But this surely may not be adequate relief for an employee having a just claim against an employer arising from industrial controversy.

The identity between the union and the employee in respect of arbitration is not, for one thing, as complete as the argument before us would seem to suggest. A diversity in respect of arbitration is suggested in *Hudak* v. *Hornell Inds.* (304 N. Y. 207). There the union of which plaintiffs were members made a contract with the employer in which it was agreed that any question " relating to the discharge of " a union member which could not be agreed on between the union and the employer shall " be submitted to a board of arbitration ". (P. 211.)

Plaintiffs sued the employer in direct actions on contract for a breach of the agreement between the union and the employer growing out of their discharge. The Appellate Division dismissed (278 App. Div. 888, affg. 199 Misc. 538) but the Court of Appeals was of opinion the direct action would lie notwithstanding the arbitration agreement. One ground leading to the reversal was that although there a dispute between the plaintiffs and the defendant employer was shown, no dispute

was shown to exist between the union and the employer (p. 214), and the direct employer-employee dispute was held not to require arbitration.

Where it is alleged, as it is in the complaint before us, that the union intentionally refused to bring the plaintiff's claim for timely arbitration; that the employer acted affirmatively and jointly with the union in refusing to bring the claim to timely arbitration; and that this refusal in itself in the way both defendants acted procedurally before the arbitrators and in their joint action in delaying submission was the ground on which plaintiff failed to obtain consideration of the merits of his claim in arbitration, an actionable case is shown. (Cf. *Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15.)

We discussed in some detail the survival of the equitable action addressed to the award when the case was here before (279 App. Div. 545). Equitable relief has been withheld, not because the Legislature has taken it away expressly, but because the arbitration article of the Civil Practice Act affords a complete and available remedy to parties to arbitration proceedings and it is the decisional law of the State that equity will not intervene where there is another adequate available remedy.

But where there is no other remedy, no good reason exists to deny an equitable remedy which has always existed in the judicial supervision of arbitration. A careful examination of the cases decided in equity will demonstrate that the decree reached substantially all of the questions now examined by motion addressed to an award.

It is not an adequate answer to plaintiff's action to say that he ought to have moved the Special Term to vacate the award in a proceeding under a statute which gives him no such right to move; and then to hold that he has no right to sue because he should have moved to vacate. This would exalt procedural form to a place high above substance.

If one man has a legal relation with another in which the other violates a duty in an area which the court regards as actionable, the intrusion by a third party into active participation in the breach becomes also actionable under the usual concepts of conspiracy, even though as to the subject matter there may originally have been no responsive obligation resting on the intruding third party.

We must read the present complaint in its most favorable light, and thus reading it, it is found to plead the active participation of the defendant employer in joining with the defendant union to delay the arbitration of plaintiff's claim to the

point of time when the arbitrators refused to adjudicate the merits because of that very delay. We ought not to hold that plaintiff has no remedy under the facts as he thus pleads them to require the two defendants to undo an adjudication made between them which they still can control and avoid.

The facts as now pleaded show a case in which the usual statutory procedures are closed to the plaintiff and they show a joint course of conduct by both defendants adversely affecting plaintiff's rights. We are of opinion that plaintiff pleads himself within the court's equitable jurisdiction. He surely has no other adequate remedy.

The order should be affirmed.

Coon and Imrie, JJ., concur with Halpern, J.; Bergan, J., dissents in an opinion in which Foster, P. J., concurs.

Order reversed and motion by defendant-appellant to dismiss the complaint granted, with $10 costs.