Fuld, J. (concurring).
I agree with the conclusion reached by the court and, in the main, with Judge Burke’s opinion. However, because I believe that the result is dictated as much by policy considerations as by the language of the collective bargaining agreement, I would add these few words.
Discharge cases arise in the course of the administration of a collective bargaining agreement. They may raise countless questions, such as interpretation of the agreement, reasonableness of plant ruléis 'and regulations and conformity with past practices. The exclusive representative is in the best position, after investigating the truth and merits of the employee’s complaint and after weighing the many factors involved, to determine whether uniformity in the administration of the agreement 'and protection of the group interests of the majority of employees require it to press or abandon the case. Accordingly, absent specific language giving the employee the right to act on his own behalf, it is my conclusion that, under a collective bargaining agreement such as the one before us—which contains provision for the submission of unsettled disputes to arbitration — the union alone has a right to control the prosecution of discharge cases. (See Oox, Bights Under A Labor Agreement, 69 Harv. L. Bev. 601, 648-652.)
To the contention that this may subject the individual employee to capricious or discriminatory action by the union, it is sufficient to observe, as Judge Burke has intimated, that the employee has a remedy against the union for breach of fiduciary duty if it unfairly discriminated against him. (See, e.g., Donato v. American Locomotive Co., 306 N. Y. 966, affg. 283 App. Div. 410, 417; Conley v. Gibson, 355 U. S. 41, 45 et seq.)