■ In the Matter of ROSE BERMAN, Appellant, v. GEORGE JAMES, as Commissioner of the Department of Health of the City of New York and Chairman of the Board of Health of the City of New York, et al., Respondents.— Judgment dismissing the petition unanimously reversed on the consent of the respondent, without costs or disbursements to either party, the petition is reinstated and the matter remanded for determination by Special Term. The original declaration by Special Term should not have been made in view of its dismissal of the petition for lack of standing of the petitioner to maintain the declaratory judgment action. Accordingly, this petition should not have been dismissed. Concur — Botein, P. J., Stevens, Tilzer and Rabin, JJ.

■ In the Matter of SYLVIA TORRES, Respondent, v. OSVALDO TORRES, Appellant.— Order of the Family Court, Bronx County, entered June 9, 1966 directing appellant to pay $20 a week and post a cash bond for $500 or serve four months in the workhouse, unanimously modified, on the law and facts, to the extent of vacating provision for bond and workhouse sentence and directing the appellant to pay $10 a week and otherwise affirmed, without costs or disbursements. The appellant was offered and refused an adjournment to obtain counsel. We find the award of the Family Court excessive in the light of appellant's financial condition. Concur — Steuer, J. P., Capozzoli, Rabin and McNally, JJ.

■ DAVID ABOFF, Appellant, v. PEPPERCORN INTERNATIONAL, INC., et al., Respondents.— Order entered April 27, 1966 dismissing the second cause of action alleged in the plaintiff's second amended complaint, unanimously reversed, on the law, with $50 costs and disbursements to plaintiff-appellant, and the motion therefor denied. Fairly read, a majority of the court hold that the amended pleading alleges that the corporate defendants are instrumentalities of the same enterprise; that plaintiff rendered services to the enterprise and it is the purpose of the defendant E. A. Peppercorn, Ltd., to avoid payment of plaintiff's compensation therefor. (*Walkovszky* v. *Carlton*, 18 N Y 2d 414.) Some of us feel that the prior approval of the amended complaint by the Justice who granted leave to serve it is an adjudication of the sufficiency thereof and the law of the case. (See, however, *Donato* v. *American Locomotive Co.*, 283 App. Div. 410, 413, affd. 306 N. Y. 966.) Concur — Steuer, J. P., Capozzoli, Rabin and McNally, JJ.