■ McKEE-BERGER-MANSUETO, INC., et al., Respondents, v. BARRY FEDERMAN et al., Appellants.— Order entered November 4, 1966, unanimously modified, on the law and the facts and as a matter of discretion, without costs or disbursements, to vacate plaintiffs' notice of examination with leave to serve a new notice on defendants on completion of the latters' examination. Plaintiffs' notice to examine before trial was served prematurely (*Fund of Funds* v. *Waddell & Reed*, 26 A D 2d 809; *Van Valkenburgh, Nooger & Neville* v. *John F. Rider Publisher, Inc.*, 24 A D 2d 437). No special circumstances are shown which would overcome defendants' right to priority of examination. Settle order on notice. Concur — Steuer, J. P., Tilzer, Rabin, McNally and Staley, Jr., JJ.

■ VIDEO ARTISTS, INC., Respondent, v. CINERAMA, INC., Appellant.— Order entered July 21, 1966, granting plaintiff's motion to dismiss as invalid the affirmative defense of *res judicata* unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant, and the motion denied. The amended complaint alleges three causes of action for alleged fraud and deceit and prima facie tort. The amended complaint followed the dismissal of the complaint by order dated April 25, 1966, with leave to "replead limited to alleged wrongful acts transpiring after December 15, 1964." The defense is grounded on the judgment entered April 7, 1966 and the satisfaction thereof which were the bases for the defendant's motion to dismiss the complaint. The order of April 25, 1966 determined the insufficiency of the complaint; it did not pass on the validity of the defense in the answer to the amended complaint here involved. (*Donato* v. *American Locomotive Co.*, 283 App. Div. 410, 413, affd. 306 N. Y. 966.) The record in the prior action terminating in the judgment of April 7, 1966 establishes that issues were resolved relating to the period subsequent to December 15, 1964. The extent, if any, to which plaintiff may be estopped by the prior judgment and proceedings depends on the proof tendered and adduced by the plaintiff to establish the allegations of the amended complaint. (See *Sielchen-Schwarz* v. *American Factors*, 265 N. Y. 239, 243, 244.) Concur — Steuer, J. P., Tilzer, Rabin, McNally and Staley, Jr., JJ.

■ In the Matter of CHALECO RESTAURANT CORP., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of the State Liquor Authority revoking petitioner's restaurant license, unanimously modified, on the law and the facts, to the extent of dismissing charges 2 and 4, and as so modified the determination is otherwise confirmed, without costs and without disbursements. Charges 2 and 4 are time-barred under section 118 of the Alcoholic Beverage Control Law. (*Matter of Benjamin* v. *State Liq. Auth.*, 13 N Y 2d 227; *Matter of Hacker* v. *State Liq. Auth.*, 21 A D 2d 755; *Matter of Vilabar Cafe* v. *State Liq. Auth.*, 25 A D 2d 662; *Matter of Ritor Rest. Corp.* v. *New York State Liq. Auth.*, 27 A D 2d 710.) The findings on charges 1, 3 and 5 are supported by substantial evidence. We find no reason for disturbing the penalty of revocation. Concur — Steuer, J. P., Tilzer, Rabin, McNally and Staley, Jr., JJ.