Hyman Korn, J.
Motion for reargument granted.
Petitioner in its original application sought a stay of arbitration upon the ground that a triable issue exists as to whether claimants gave proper notice to the carrier of the alleged “ hit and run ’ ’ accident.
The court denied petitioner’s motion for a stay, primarily upon the ground that petitioner’s motion papers were not served within the 10-day limiting period contained in claimant’s original demand for arbitration (CPLR 7503, subd. [c]).
Section 7503 (subd. [c]) provides in part that an application to stay arbitration ‘ ‘ must be made by the party served within ten days after service upon him of the notice * * * . Notice of such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested.”
The motion papers for the stay were posted by certified mail, return receipt requested, on the 10th day following the receipt by petitioner of claimant’s demand for arbitration. However, *593 they were not delivered by the post office to claimants until several days thereafter.
Claimants contend that it is the date of delivery rather than the date of posting that completes service in order to comply with CPLR 7503 (subd. [c]), and that petitioner’s motion papers, therefore, were not timely served. Upon reconsideration, the court cannot agree with this contention.
In support of this argument, claimants cite Matter of Finest Rest (L. & A. Music Co.) (52 Misc 2d 87). However, the court does not find this case applicable. In Finest, Justice Chimera dealt specifically with the question as to whether the 10-day limiting period commences to run from the date the demand for arbitration is mailed or date received. In holding that the date of actual receipt rather than mailing commenced the running of the 10-day period, the court reasoned that to do otherwise would not afford the party seeking the stay 10 full days to make application for this relief.
The necessity to afford the party seeking the stay 10 full days becomes particularly important when we consider the fact that he is not permitted the three-day mailing extension granted by CPLR 2103 (subd. [b]). (Cosmopolitan Mut. Ins. Co. v. Moliere, 31 A D 2d 924.) Nor can he obtain leave of the court to enlarge his time to move. (Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills], 24 N Y 2d 898.)
Claimant, in the instant case, is not confronted with a similar strict limiting period in responding to the motion for a stay, and is thus not prejudiced by a holding that service of the motion papers is completed when they are posted.
On the other hand, requiring the moving party seeking the stay to make actual personal service or, if mail is employed, to obtain actual delivery of the papers all within the 10-day period would impose an undue hardship on such party.
The 10-day period provided for in CPLR 7503 (subd. [e]) in effect operates as a very short Statute of Limitations.
While the party demanding arbitration may have many months within which to prepare his papers and obtain service upon the party against whom arbitration is sought, the party served and his attorney must determine if a triable issue exists, prepare his papers and have process served personally all within 10 days. Since he must allow at least two or three days for his process server to make service, the attorney may in fact have substantially less than 10 actual working days within which to obtain affidavits, prepare papers, etc. And of course there is always the possibility that the process server will be unable to make personal service within this short period.
*594 It is apparently for this reason that the Legislature provided for the alternate method of service by certified or registered mail.
However, to hold that mail service does not take place until the post office actually makes delivery, would certainly dis-. courage a prudent practitioner from employing this method of service. It is not unusual that papers mailed may not be actually delivered for several days. To obtain delivery within 10 days, therefore, the moving party would have to post his papers well before the 10th day. He would, therefore, in effect, have less than the 10 full days to prepare and serve his motion within the period mandated by the statute.
In the instant case the papers posted on December 12 were not delivered until the 15th, a three-day period. So that in order for delivery to have been made on or before December 12 (the 10th day), the papers would have had to be posted on the 9th. Excluding the date that the demand was received, this would have given the attorney only four or five actual working days to act on this matter — a very short period indeed. Of course, even if the attorney in posting his papers had allowed what might be considered sufficient time for the mail to be delivered within 10 days, there was no guarantee that the post office would have made delivery within that time, or that delivery would have been made at all. He would therefore be using the mails at his peril.
To add to his burden, the attorney, after mailing, would not for several additional days receive notification by return receipt that such delivery was made in time or was unable to be completed. Thus, as a practical matter, by the time the mailing attorney may learn that the post office cannot make timely delivery it would no doubt be too late for him to do anything about it.
It would thus appear that if actual delivery determines effectiveness of mail service, an attorney would be best advised to avoid this method of service. It is for this reason that the court is not disposed to place a construction on 7503 (subd. [c]) which, while permitting mail service, would make its use legally impractical if not most hazardous, particularly where the statute itself is unclear as to when service by mail is deemed completed.
It is for all of the foregoing reasons that, under CPLR 7503 (subd. [c]), the court determines that “ delivery ” of the motion papers for a stay occurs on the day when the papers are posted (see Matter of Liberty Mut. Ins. Co. [Keane], N. Y. L. J., March 6, 1967, p. 21, col. 4 [Fanelli, J.]). Since the motion *595 papers herein were posted on the 10th day after receipt of the demand for arbitration, they are found to be timely served.
Claimants further contest the carrier’s application, contending that no real issue exists as to whether notice of claim was filed as soon as was practicable. While it would appear that there is some cogency to claimants’ argument, the papers submitted do raise issues of fact which are more properly disposed of by submission of formal proof at trial.
Accordingly, the decision heretofore entered is recalled and petitioners’ application for a stay of arbitration-pending determination of the issue of whether sufficient and timely notice of the claim was made, is granted.