W. Vincent G-bady, J.
The respondent seeks, by order to show cause, a stay of the arbitration proceeding commenced by the claimant and for an order setting the issue of ‘ ‘ uninsured motorist ” down for a jury trial.
The notice of intention was received by the respondent on October 16, 1970, and on October 26, 1970, on application of the respondent, a Justice of the Supreme Court signed an order to show cause directing that an application for a stay be brought on at Special Term on November 9, 1970, and that all proceedings be stayed until the application is heard and that service be made upon the claimant or her attorney by mail on or before November 4, 1970.
The order to show cause with the accompanying papers was mailed to claimant’s attorneys on October 26, 1970, but was not received until October 28,1970. Claimant contends that respondent has failed to comply with CPLR 7503 (subd. [c]) which provides that an application to stay arbitration must be made by the party served within 10 days after service upon him of the notice or he shall be so precluded.
The most recent Appellate Division decision construing the 10-day notice provision is Matter of Knickerbocker Ins. (Gilbert) (35 A D 2d 21), which held that the order to show cause and supporting papers must be received by the claimant within 10 days of the service of the notice of intention to arbitrate. It had been previously held that there is compliance with the statute with the mailing of the papers on the 10th day (Matter of Glens Falls Ins. Co. v. Anness, 62 Misc 2d 592).
Professor Joseph M. McLaughlin suggests- that the latter interpretation is the only defensible one, since under the 10-day rule, there is little enough time as it is to prepare the papers for an application to stay arbitration (Supplementary Practice Commentary, Cumulative Annual Pocket Part 1970, McKinney’s Cons. Laws of N. Y., Book 7B, p. 132). However, in the ease at bar, not only was the application to stay arbitration received after the 10-day period expired, but petitioner failed to commence a special proceeding within that time.
Tn Matter of Jonathan Logan, Inc. (Stillwater Worsted Mills) (31 A D 2d 208), the Appellate Division, First Department, held *235 that an application pursuant to CPLR 7503 (subd. [c]) is not made upon the mere signing of the order to show cause, but the jurisdiction of the court is invoked upon a proper service of the order to show cause with the accompanying papers. In that case, the notice of intention was received from the petitioner on April 2 and on April 11, the order to show cause was signed returnable on April 22, 1968, with service to be made upon the respondent on or before April 18. The order to show cause was served on April 18, which was 16 days after receipt of the notice of intention to arbitrate. Mr. Justice Eager stated (p. 211): “ It is well known that article 75 of the CPLR was, enacted for the purpose of promotion of arbitration as a means for the expeditious settlement of disputes. (See Matter of Mole [Queens Ins. Co.], 14 A D 2d 1, 3; Matter of Staklinski [Pyramid Elec. Co.], 6 AD 2d 565, 569-570, affd. 6 N Y 2d 159; Donato v. American Locomotive Co., 283 App. Div. 410, 415, affd. 306 N. Y. 966.) Such purpose would be thwarted by a construction which would permit the extension, by order .to show cause or otherwise, of the time for the making of an application to the court for a stay of arbitration as to which notice is duly given.”
In Monarch Ins. Co. v. Pollack (32 A D 2d 819) the Appellate Division, Second Department, held that the three extra days that are tacked on when papers are served by mail (CPLR 2103) are not added when a special proceeding is commenced since the three-day rule extends only to interlocutory papers served in an action or proceeding which is already pending. The respondent herein has commenced a special proceeding and the mailing of the order to show cause is not delivery (Matter of Knickerbocker Ins. [Gilbert], 35 A D 2d 21, supra). Moreover, the court does not have power to extend the 10-day period inasmuch as CPLR 201 expressly states that “No court shall extend the time limited by law for the commencement of an action ”. The word “ action ” includes “ special proceeding ”. (CPLR 105, subd. [b]; Matter of Jonathan Logan, Inc. [Still-water Worsted Mills], 31A D 2d 208, supra; Matter of Sisters of Charity of St. Vincent De Paul [Boegel & Allodi], 32 A D 2d 818.)
The determinations of the appellate courts in this State mandate a denial of respondent’s motion herein on the ground that its application was not timely within the meaning of CPLR 7503 (subd. [c]). It is noted, however, that perhaps legislation clarifying the morass of problems created by CPLR 7503 (subd. [c]) is required. (Supplementary Practice Commentary, Cumulative Annual Pocket Part 1970, McKinney’s Cons. Laws of N. Y., Book 7B, p. 132.)
*236 Since the proceeding was not properly commenced, the court does not reach a determination as to whether the claimant has sustained the burden of proving that .she was involved in a hit and run accident.
This matter shall proceed to arbitration forthwith.