CHARLES DINERSTEIN, Appellant, *v.* CECIL SHAPIRO, Respondent.

Supreme Court, Appellate Term, Second Department, January 21, 1933.

*Benedict S. Rosenfeld*, for the appellant.

*Conrad, Rubin & Lesser* [*Samuel Rubin* of counsel], for the respondent.

PER CURIAM. Order unanimously reversed upon the law, with costs, and judgment directed for plaintiff for the amount sued for, with appropriate costs in the court below.

There was no error in receiving the evidence that was eventually stricken out. Proof of the award, itself, could have been given. (*Wood* v. *Tunnicliff*, 74 N. Y. 38, at p. 46; *Keen* v. *Batshore*, 1 Esp. 194; 170 Eng. Rep., Full Reprint, 325; Nisi Prius, book 1; *Slack* v. *Buchannan*, Peake, 6; 170 Eng. Rep. 59; *Kingston* v. *Phelps*, Peake, 299; 170 Eng. Rep. 163; 5 C. J. p. 168, § 412.) The parties had agreed to arbitrate. This required no writing. (*French* v. *New*, 28 N. Y. 147.) The arbitrators had found in favor of the plaintiff. By consenting to the arbitration, the defendant tactitly admitted that whatever was found due by the arbitrators was in fact due from him to the plaintiff. The award was, for some purposes, as binding as a judgment. (*New York Lumber & Wood-Working Co.* v. *Schnieder*, 119 N. Y. 475, 481.) The verdict should not, therefore, have been set aside. Defendant made no objection to the submission of the questions in the form they were submitted. There was evidence justifying the form adopted by the court. No objection was made that they varied from the complaint. In effect, there was no material variation. The credibility of the plaintiff as well as that of the defendant was for the jury.

Present, CROPSEY, FABER and MACCRATE, JJ.