LIPA RUBMAN, Landlord, *v.* ADOLPH LEWIN et al., Tenants.

Municipal Court of the City of New York, Borough of The Bronx, June 1, 1949.

*David Stein* for landlord.

*Louis Handwerger* for tenants.

FRANK, J. The question raised in this nonpayment proceeding involves the validity of an award in a submission and arbitration between the parties.

The proceeding was submitted to this court upon a stipulation that the testimony taken before another justice be deemed the record here. If the stipulation does not actually so state, the intention by both counsel was to the effect that there is no dispute as to the facts. A reading of the record discloses, however, disputed facts, one of which concerns the delivery of the arbitrator's award, together with a transcript of the testimony.

To avoid ambiguity and conjecture, and in order to decide the propositions of law involved, the pertinent facts are determined as hereunder set forth.

The parties entered into a written lease on November 17, 1947, and simultaneously therewith executed a written agreement and submission to arbitrate the reasonableness of the rent pursuant to section 4 of the Business Rent Law (L. 1945, ch. 314, as amd.). By such agreement, the controversy was to be submitted to one Jesse Roberts on November 19, 1947, at 10 A.M. at room 1400, 505 Fifth Avenue, New York City. Such arbitration was, in fact, held at the time and place mentioned, testimony was taken and an award made fixing the reasonable rent at $65 per month. The oath, affidavit and award were duly acknowledged and verified by the arbitrator, who also signed the transcript of the minutes of the arbitration. These papers were then delivered to the attorney for the landlord. Duplicate originals or copies of these documents were thereafter delivered to the tenants.

The tenants entered into possession of the premises and paid the rent fixed by the arbitrator for thirteen months.

The petition as amended seeks possession for the nonpayment of rent for the months of January, February and March, 1949. The answer interposed contains a general denial, and an affirmative defense and counterclaim alleging " No fixation of rent in accordance with law ", and seeks a recovery of $420. While

inaccurately pleaded, there is an allegation which asserts the rent to be " unreasonable and excessive ".

The motion to dismiss the proceedings summarizes the tenant's position. It reads as follows: " The tenant moves to dismiss the proceedings on the ground the landlord has failed to show the fixation of emergency rent or the proper proceedings * * * necessary to establish a rent in excess of the emergency rent. On the further ground that there has been no confirmation of the purported award made by the arbitrator. On the further ground that here has not been a strict compliance and confirmation to the statute with respect to the fixation of rent."

The emergency rent laws (Business Rent Law, § 15), by incorporation, require compliance with article 84 of the Civil Practice Act to effectuate a binding award, prohibit the waiver of the oath or hearing and require an affidavit of strict compliance by the arbitrator and a transcript of the minutes before submission to the Supreme Court. Nowhere, however, is there specific legislative direction that such an award must be submitted to the Supreme Court nor that an order of confirmation must be obtained.

The contention that an award is ineffective because of failure to obtain its confirmation in the Supreme Court by one who seeks to enforce it is specious in the light of the right extended to one adversely affected to apply for an order to vacate such an award.

The award itself has the force of a binding judgment. (*New York Lumber & Wood Working Co.* v. *Schnieder,* 119 N. Y. 475.) If this were not so, then in the absence of an order of confirmation, the award itself would have no evidentiary force; but the Appellate Term has heretofore ruled that such evidence is proper (*Dinerstein* v. *Shapiro,* 147 Misc. 37).

This court has heretofore held that filing a properly executed award in the office of the clerk of the Supreme Court was a sufficient compliance to enforce it (*Cresroad Estates, Inc.* v. *Tenzer,* 194 Misc. 649).

That the Legislature did not intend to impose the requirement of court confirmation is evidenced by section 1460 of the Civil Practice Act, which provides: " To entitle the award to be enforced * * * it must be in writing * * * and either filed in the office of the clerk of the court having jurisdiction * * * or delivered to one of the parties or his attorney."

The testimony is undisputed that the award was delivered to the attorney for the landlord and, although not required by the section quoted, a finding has been made that a copy or duplicate original was delivered to the tenants.

It must therefore be determined that section 15 of the Business Rent Law has been fully complied with by the landlord and the award is enforcible. It follows then that the counterclaim must be dismissed and a final order for the landlord must be signed for nonpayment of rent for January, February and March, 1949, at $65 per month. Five-day stay.