LAUREL PRINTING COMPANY, INC., Plaintiff, *v.* STARRETT REALTY RENTING Co., INC., Defendant.

Supreme Court, Special Term, New York County, June 21, 1950.

*Henry Lichtig* and *Irving Abraham* for plaintiff.

*Harry Mandell* and *N. A. Markowitz* for defendant.

STEUER, J. The facts in this case are virtually undisputed. On July 22, 1947, the plaintiff as lessee and defendant as lessor entered into a lease for the ninth floor of the premises located at 601 West 26th Street. The premises were then vacant and plaintiff had never occupied them previously. The rental was $42,618 per annum. The emergency rent as provided in the Commercial Rent Law (L. 1945, ch. 3, as amd.) was $27,558.12 per annum. The term of the lease was five years and four months. Prior to the execution of the lease there was a purported arbitration to fix the reasonable rent but the arbitrator took no proofs and the proceedings, so-called, failed to comply with any of the requirements of an arbitration. In all of these negotiations and at the closing when the purported arbitration took place plaintiff was represented by counsel of wide experience in the matter of leases and was fully cognizant of its rights. The arbitrator made an award of which plaintiff received a copy and was completely aware.

Plaintiff continued in possession after paying the rent reserved in the lease for a period of eighteen months. Thereafter plaintiff felt that because its business was not showing the return that it had previously it should get an abatement of rent. Negotiations to that end failed. Thereupon plaintiff brought this action to have the emergency rent declared as the rental in the lease and to recover the excess paid over the emergency rent plus an additional month's rent.

The sole defense, though pleaded in different ways, is that the award is final, no motion in regard to it having been made and the three months' period provided for in section 1463 of the Civil Practice Act having expired. Defendant also counterclaims for unpaid installments of rent under the lease.

It must be admitted that whether the bar to an attack on the award is also a bar to a plenary action based on the invalidity of the award is not entirely clear. The last expression of the Appellate Division on the subject expressly leaves that question open (*Bernsley* v. *Reiss*, 276 App. Div. 827). It would seem that a

holding that the award was inviolate (*Matter of Heidelberger* [*Cooper*], 300 N. Y. 502) would be without meaning if a collateral attack which presupposed its invalidity was permissible. The reasoning has been fully explained in *Apex Binding Corp.* v. *Relkin* (198 Misc. 381) and it is unnecessary to duplicate it. Judgment for defendant on plaintiff's complaint and defendant's counterclaim.