HELLER CANDY COMPANY, INC., Respondent, *v.* 385 GERARD AVENUE REALTY CORP., Appellant.

First Department, November 10, 1953.

*Leon M. Labes* for appellant.

*Martin L. Conrad* of counsel (*Harry Schneider* and *Irving J. Galpeer* with him on the brief; *Jaffin, Schneider, Kimmel & Galpeer,* attorneys), for respondent.

*Per Curiam.* The defendant landlord appeals from a judgment in favor of the plaintiff tenant rendered after a trial without a jury. The recovery was for rent paid during the period from May 1, 1947 to April 30, 1950, and claimed to have been in excess of the fixed emergency rate.

The inference may be drawn from the stipulated facts that no hearing was held by the arbitrator. The arbitration agreement contained a provision that a hearing was not required but the Business Rent Law then, as now, prohibited such a waiver. (Business Rent Law, § 15, as amd. by L. 1947, ch. 823, § 1.)

The decision of the trial court was based upon the failure to have the award of the arbitrator confirmed by the Supreme Court and the absence of proof that the award was delivered to the plaintiff within thirty days from the execution and delivery of the proposed lease as provided in the arbitration agreement. The judgment may not be sustained upon either ground.

The stipulation of facts recites that subsequent to April 18, 1947, the plaintiff received a copy of the lease from the landlord together with the arbitration award. When there is proof of a delivery of an award no attack can be made thereon after three months from the date of delivery. (*Chandler* v. *Kopf,* 279 App. Div. 636.) The fact there was no confirmation of the award by any order of the court would not alter the result, especially where, as here, the parties adopted it by executing a lease upon the terms called for by the award. (*Continental Ribbon Cutters* v. *Long Properties,* 279 App. Div. 651, affd. 304 N. Y. 860).

The plaintiff is not entitled to recover in this plenary action. The arbitration was governed by the provisions of article 84 of the Civil Practice Act. To vacate the award plaintiff was

required to do so by timely motion as provided by section 1463 of the Civil Practice Act. (*Estro Chemical Co.* v. *Falk,* 303 N. Y. 83; *Raven Elec. Co.* v. *Linzer,* 302 N. Y. 188.)

The gravamen of plaintiff's cause of action as set forth in the complaint is that the arbitration award was null and void. The claimed defects in the award fall within the several provisions contained in section 1462 of the Civil Practice Act mandating the court upon application to vacate the award. Here the plenary action was commenced more than three years after the award and after the termination of the term of the lease. The time limitation of three months contained in section 1463 is a bar to the maintenance of the action. (*Feinberg* v. *Barry Equity Corp.,* 277 App. Div. 762, affd. 302 N. Y. 676.)

The judgment appealed from should be reversed and the complaint dismissed.

PECK, P. J., DORE, CALLAHAN, BREITEL and BASTOW, JJ., concur.

Judgment unanimously reversed, with costs and judgment is directed to be entered dismissing the complaint herein, with costs.