Arthur Wachtel, J.
This is a nonpayment summary proceeding brought by the landlord of premises located at the northwest corner of 163rd Street and Third Avenue, The Bronx, New York, against the tenant who occupies the second floor thereof. The landlord claims that the emergency rent payable by the tenant on and prior to January 1, 1950 was $6,000 per annum, and that pursuant to the amendment of subdivision (e) of section 2 of the Commercial Bent Law which defines “ Emergency Bent ”, by chapter 702 of the Laws of 1955, in effect July 1, 1955, it is entitled to an increase of 15% above the said emergency rent of $6,000 per annum, namely $6,900 or $575 per month, on and after July 1, 1955. The tenant has paid for each of the said months of July and August the sum of $550 without prejudice and the balance of $25 for each of the said months is claimed by the landlord as due and owing.
The evidence adduced at the trial reveals that the landlord (hereinafter referred to as “ Jabe ”) acquired title to the premises in 1949 from David Green and others, who had leased the second and third floors of the said premises to Ina Molnar and Julius Molnar (hereinafter referred to as “ Molnars ”) for the period May 1,1949 to June 30,1954 for the total rental of $6,300 from May 1,1949 to December 31,1950 and $7,500 from January 1, 1951 to June 30, 1954. The tenant. (hereinafter referred to as “ Real ”) occupied the second floor under a sublease from “ Molnars ” entered into on May 12, 1947 at a rental of $6,000 for a term commencing June 1, 1947 and ending December 31, 1950. On the same date said sublease was entered into, namely May 12, 1947, “ Molnars ” and “ Real ” executed an agreement to arbitrate, and consented to an approved of an arbitration held in pursuance thereof, fixing the rental for said second floor at $6,000 per annum. Thereafter, “ Molnars ” and “Real” entered into a subsequent sublease at a rental of $6,000 per annum or $500 per month, for a term commencing January 1, 1951 and ending June 30, 1952. Paragraph 38 of said lease provides as follows: “ The parties acknowledge that at the time of the execution of this lease, there exists the relationship of Landlord and Tenant between said parties by virtue of a lease entered into by and between the said Landlord and Tenant, dated May 12th, 1947, and the rent reserved herein does not exceed the rental heretofore fixed for the space herein by an arbitration had pursuant to the Emergency Commercial Bent Law, and thereafter confirmed by an order of the Supreme Court of the State of New York, Bronx County.” “ Real ” continued in possession after the expiration of this lease and since Decern *844 her 1, 1954 has paid rent to “ Jabe ” at $6,000 per annum and has paid an additional 10%, or $6,600 by agreement executed January 31, 1955. “ Jabe ” has received from the third floor a rental of $6,200.
The tenant contends that although originally both the second and third floors were rented for $6,300 and subsequently increased after December 31, 1950 to $7,500 nevertheless now the landlord is receiving $12,800 and desires an additional $25 a month from the tenant. However, the question remains whether this argument can be raised at this time, and in this forum.
Chapter 702 of the Laws of 1955 in effect July 1, 1955 amending subdivision (e) of section 2 of the Commercial Rent Law provides as follows:
“ (e) ‘ Emergency rent.’ (1) The rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent, except with respect to a tenant who, since January first, nineteen hundred forty-seven, has paid the emergency rent first established without an increase in. excess of fifteen per centum thereof pursuant to any of the provisions of this act and in any such case such emergency rent, plus fifteen per centum; * * * “ (2) The rent fixed or established as provided in paragraph (1) of this subdivision, with respect to any tenant who, since January first, nineteen hundred fifty, has paid the emergency rent so fixed or established without an increase in excess of fifteen per centum pursuant to any of the provisions of this act, and in any such case such emergency rent shall be the rent so paid plus fifteen per centum.”
This amendment permits the landlord a 15% increase over $6,000 per annum provided $6,000 per annum is the emergency rent on and prior to January 1, 1950 (cf. Charipo Realty Corp. v. Safeway Stores, 208 Misc. 569). The landlord relies on the arbitration of May 12, 1947 fixing the rent at said amount between “ Molnars ” and “ Real ”. The tenant contends that the alleged arbitration is a nullity. In support of this contention the tenant argues that the alleged arbitration was not between the parties to the present controversy or by parties standing in privity. The tenant contends “ Jabe does not take its title or rights from Molnar and cannot claim Molnars rights or any right based upon Molnar’s rights”. This argument is untenable. If it were valid then no subsequent purchaser could ever rely upon any prior arbitration proceeding. The Legislature has specifically provided the contrary. Subdivision *845 6 of section 4 of the Commercial Rent Law provides as follows: ‘‘ The rent fixed by arbitration or by the supreme court or the rent reserved or payable under any such written agreement shall be the emergency rent for such space until and unless a new rent shall be fixed by arbitration or the supreme court or the tenant or a successor tenant and the landlord shall make a new agreement.”
The tenant further contends that the arbitration is a nullity upon the ground that at the time of alleged award there was no contractual relationship as between “ Molnars ” and “ Real ”, that when the lease of May 12,1947 was entered into, the tenant was not in possession at that time. In support of this argument the tenant cites Matter of Heidelberger (Cooper) (275 App. Div. 158). However, in the Heidelberger case the tenant made a motion in the Supreme Court to vacate the award and the decision of the Appellate Division which is relied on by the tenant was reversed by the Court of Appeals (300 N. Y. 502) upon the ground that the motion to vacate the award was not made in time as provided by section 1463 of the Civil Practice Act.
The tenant further contends that the proposed arbitration is of no effect because it was “pro forma ”, and entered into to avoid and contravene the statute and cites in support Friedman v. Newport Ave. Realty Corp. (84 N. Y. S. 2d 26, affd. 275 App. Div. 785) and Hall v. Skyway — Ninth Ave. (92 N. Y. S. 2d 495). However, subsequent cases of the Court of Appeals have resolved the law and have laid down the rule that the only remedy for a party to an arbitration proceeding to be relieved of the award with respect to the amount fixed as emergency rent, is under the provisions of article 84 of the Civil Practice Act and more particularly sections 1462, 1462-a and 1463 of the Civil Practice Act. (Estro Chem. Co. v. Falk, 303 N. Y. 83; Raven Elec. Co. v. Linzer, 302 N. Y. 188.)
Nor does the fact that there was no proof other than the statement in the lease as to confirmation of the award by the Supreme Court alter the result, especially where, as here, the parties have expressly consented to and approved of the award and adopted it by executing the lease upon the terms called for by the award. (Chandler v. Kopf, 279 App. Div. 636; Continental Ribbon Cutters v. Long Properties, 279 App. Div. 651, affd. 304 N. Y. 860; Heller Candy Co. v. 385 Gerard Ave. Realty Corp., 283 App. Div. 27.) The tenant has failed to apply to the Supreme Court by timely motion to vacate the award pursuant to section 1463 of the Civil Practice Act. It cannot at this *846 time attack the award by way of defense to a summary proceeding for nonpayment of rent (Cresroad Estates v. Tenzer, 194 Misc. 649; Rubman v. Lewin, 195 Misc. 189). There was no duress in law, and the only basis for such attack is in fraud. However, if fraud there was, the tenant was a party to it, and has for eight years acquiesced in it, and has by its own neglect induced other parties, including the plaintiff, to assume obligations in reliance upon the validity of the emergency rent as determined by the arbitration award. It is, therefore, estopped from changing its position now (Apex Binding Corp. v. Relkin, 198 Misc. 381; Laurel Print. Co. v. Starrett Realty Renting Co., 198 Misc. 385).
Accordingly the court finds that the emergency rent is $6,000 per annum or $500 per month, and that the landlord is entitled to 15% or $75 per month in addition, from July 1,1955. Inasmuch as the tenant has paid $50 in addition per month, without prejudice, the court holds that said amount may be retained, and the landlord may have final order upon the basis of $25 per month for the months of July and August, or a total of $50.
Final order for landlord. Unpaid rent in amount of $50.