■ JOHN ZITO, Doing Business as LUIGI'S MONTE CARLO, Appellant, v AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff is the owner of Luigi's Monte Carlo (Monte Carlo Club) in Niagara Falls. Plaintiff's son, Peter Zito, acknowledges that he entered into an agreement with the Harold Kudlets Agency whereby a group of musicians known as "Bits and Pieces", under the leadership of Glen Wallace, would perform a two-week engagement at plaintiff's premises. Peter Zito denies that he executed a written contract with the same agency, although the document purports to contain his signature on behalf of the Monte Carlo Club. The written contract provides that Glen Wallace would be paid $850 at the "end of each week" for the two-week engagement. Pursuant to the agreement, whether oral or written, the group performed at the Monte Carlo Club during the week of November 3, 1970 but Wallace received payment of only $200 from the plaintiff. When a dispute arose over further payment, the group declined to perform during the second week of its scheduled appearance. On November 12, 1970 Peter Zito delivered a check for $650 to Salvatore Paonessa, secretary-business agent of the Niagara Falls Musicians' Association, Inc., Local 106, American Federation of Musicians, and directed Mr. Paonessa to transmit the check to Glen Wallace in payment for the group's performance during the week of November 3, 1970. Before the check was transmitted by Mr. Paonessa, however, Peter Zito demanded and procured its return. The written contract incorporated a provision for final and binding arbitration of all disputes arising from the contract. When Wallace was not paid for the engagement, in accordance with the contract he demanded arbitration by the International Executive Board of the American Federation of Musicians. Due notice of arbitration was given to all parties and thereafter the arbitration panel awarded Wallace the sum of $1,500 against both the Monte Carlo Club and Peter Zito. the award was not paid and the names of Peter Zito and the Monte Carlo Club were placed on the defaulters list of the International Musician, which is mailed to members of the American Federation of Musicians, and upon a similar list in the Niagara Falls Musicians' Association publication known as the *Quarterly Notes,* which is mailed to its members. Plaintiff instituted this libel action for money damages. He asserts that the conduct of the defendants in placing the name of the Monte Carlo Club on the defaulters lists was willful and malicious, and done with the intent to injure "the credit and good name of the plaintiff". He claims that such publication falsely represents that plaintiff is a person who refuses to pay his just debts. Special Term granted defendants' motion for summary judgment, and plaintiff appeals. We affirm on the ground that the defendants have established the defenses of truth and qualified privilege as a matter of law (see *De Carlo v Catalfano,* 42 AD2d 823, affd 34 NY2d 703). Plaintiff argues that Peter Zito was acting solely as a promoter in procuring the services of the Glen Wallace group to perform at plaintiff's club and that there exists no valid contract which is binding upon him. While the record is indicative, but not conclusive, that the plaintiff actually participated in the arbitration, it is uncontested that he was duly served with a notice of intention to arbitrate the dispute and that he failed to apply to stay arbitration (CPLR 7503, subd [b]). In such circumstances, he is precluded from asserting that a valid agreement was not made on his behalf by Peter Zito (CPLR 7503, subd [c]). He may not now collaterally attack the arbitration award by claiming

that he was not bound to arbitrate the dispute or that the award is ineffective, even though the award has never been confirmed pursuant to CPLR 7510 *(Heller Candy Co. v 385 Gerard Ave. Realty Corp.,* 283 App Div 27, affd 309 NY 937; *Continental Ribbon Cutters v Long Props.,* 279 App Div 651, affd 304 NY 860). Thus, following the arbitration award, the publication of the names of the Monte Carlo Club and Peter Zito on lists of those in default of obligations to defendants' members, was a truthful statement of their status. "It is, of course, fundamental that truth is an absolute, unqualified defense to a civil defamation action" *(Commonwealth Motor Parts v Bank of Nova Scotia,* 44 AD2d 375, 378, affd 37 NY2d 824). Significantly, plaintiff does not allege that the defendants knew that the publication of the name of the Monte Carlo Club as a "defaulter" was untrue. Nonetheless, a communication by a labor union to its members on a subject of mutual interest is protected by a qualified privilege which may only be overcome "by a showing based on evidentiary facts that the defamatory statements were motivated by either 'actual malice' *(Shapiro v. Health Ins. Plan,* 7 N Y 2d 56, 60, * * *), 'actual ill-will' *(Ashcroft v. Hammond,* 197 N. Y. 488, 495, * * *) or 'personal spite * * * or culpable recklessness or negligence'. *(Hoeppner v. Dunkirk Print. Co.,* 254 N. Y. 95, 106; see, also, *Fowles v. Bowen,* 30 N. Y. 20, 26.)" *(Stillman v Ford,* 22 NY2d 48, 53.) Summary judgment is properly granted where a qualified privilege has been amply demonstrated and where, as here, the plaintiff has wholly failed to show evidentiary facts to defeat the privilege *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 384; *Trials West v Wolff,* 32 NY2d 207). In the view thus taken, there is no need to decide whether the issues herein arise out of a labor dispute which would require the application of a standard even more favorable to the defendants (cf. *Letter Carriers v Austin,* 418 US 264). (Appeal from judgment of Niagara Supreme Court— summary judgment.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.